STATE OF NORTH CAROLINA v. WILLIAM TRACY OWENS

No. 78

(Filed 20 January 1971)

1. **Robbery § 1— attempted armed robbery — element of the offense**
    The main element of attempted armed robbery is the force or intimidation occasioned by the use or threatened use of firearms.

2. **Robbery § 1— attempted armed robbery — description of the property**
    In a prosecution for attempted armed robbery, it is not necessary or material to describe accurately or prove the particular identity or value of the property, provided the indictment shows that the property was that of the person assaulted or under his care, and that such property is the subject of robbery and that it had some value.

3. **Robbery § 2— attempted armed robbery — indictment — description of property**
    An indictment for attempted armed robbery which describes the property involved as "U. S. currency" alleges a sufficient description of the property.

4. **Larceny § 2; Robbery § 1— money as subject to larceny and robbery**
    Money is recognized by law as property which may be the subject of larceny, and hence of robbery.

**5. Criminal Law § 162— admission of evidence — waiver of objection**

When evidence is admitted over objection but the same evidence has theretofore or thereafter been admitted without objection, the benefit of the objection is ordinarily lost.

**6. Robbery § 3; Criminal Law § 162— attempted armed robbery — wounds of victim — admissibility of evidence — waiver of objection**

In a prosecution for attempted armed robbery, testimony relating to the wounds received by the victim and to the victim's physical condition and appearance at the hospital *is held* admissible in evidence over the defendant's objection, where the defendant permitted similar testimony to be admitted without objection.

**7. Criminal Law § 168; Robbery § 5— instructions in attempted armed robbery prosecution — lapsus linguae**

In a prosecution for attempted armed robbery, trial court's inadvertent use of the word "intent" rather than "attempt" in portion of the charge defining "an attempt" was no more than a *lapsus linguae* and could not have misled the jury to defendant's prejudice.

**8. Criminal Law § 115— instructions on lesser included offenses**

The trial court is not required to submit to the jury the question of a lesser offense, included in that charged in the indictment, where there is no evidence to support such a verdict.

**9. Robbery § 5— attempted armed robbery prosecution — submission of possible verdicts**

The trial court in an attempted armed robbery prosecution was not required to submit an issue of defendant's guilt of attempted common law robbery, where neither the State nor the defendant offered any evidence indicating an intent to rob or steal without the use of the pistol.

APPEAL by defendant from judgment of *Copeland, J.,* June 3, 1970 Session of NASH County Superior Court.

Criminal prosecution on a bill of indictment charging the defendant with " . . . having in his possession and with the use and threatened use of firearms, and other dangerous weapons, implements, and means, to wit: a .22 cal. revolver, a firearm, whereby the life of one Harvey I. Stevens was endangered and threatened, did then and there unlawfully, willfully, forcibly, violently and feloniously attempt to take, steal, and carry away U. S. currency of the value of _____ from the presence, person, place of business, and residence of Harvey I. Stevens. . . . "

Upon the call of the case for trial, defendant moved to quash the bill of indictment. This motion was denied.

The State's evidence tends to show that H. I. Stevens (Stevens) operates a clothing store in Rocky Mount, North Carolina. On 18 February 1970 defendant entered the store and purchased a pair of socks. After some conversation about renting formal wear for the week end, defendant drew a gun, pointed it at Stevens, and ordered him to the rear of the store where a safe was located. Defendant directed Stevens to open the safe and told him that he had only 30 seconds to do so. Defendant then fired a shot in the opposite direction from Stevens. Stevens opened the safe and removed a money box containing approximately $350 and placed it on a counter. The defendant then ordered Stevens to turn around and raise his hands. When he did so, defendant struck Stevens over the head with a Coca-Cola bottle, shattering the bottle. Although groggy from the effect of the blow and almost blinded by the blood running from the wound on his head, Stevens struggled with the defendant, and as they were struggling Stevens heard something hit the floor and slide. Ralph Wallace (Wallace), who had an office next door, heard a loud noise in the Stevens' store and came to investigate. When he arrived, the defendant was on top of Stevens. Wallace pulled him off Stevens and as Wallace and defendant scuffled, Stevens got a .32 caliber pistol which he had behind the cash register and hit the defendant in the forehead. Defendant was finally subdued by Wallace and by officers who arrived and placed him under arrest. No money was taken by defendant. A .22 caliber pistol with one discharged round and seven live shells, admitted by defendant to be his, was found in the rear of the store. A paring knife was found in defendant's pocket, and one lady's bloody white glove was on defendant's left hand. After being treated for head injuries, Stevens remained in the hospital for about a week.

Defendant testified in his own behalf. His testimony tends to show that he went to Stevens' store to buy some socks; that he had a pistol, which he had purchased to take with him to Washington, D. C. for his protection, stuck down in his pants underneath his coat; that as he pulled back his coat to get the money to pay for the socks, Stevens apparently saw the pistol and became nervous. He did not draw the pistol or point it at Stevens, but as he was trying to conceal it, Stevens hit him on the back of his head with a bottle. He and Stevens then scuffled, and he obtained a bottle and struck Stevens. As the scuffle continued, he pulled his pistol out to protect himself and it

accidentally fired. Stevens then knocked the gun from his hand. At no time did he attempt to rob Stevens, but he was only attempting to defend himself against the assaults being made upon him and trying to escape.

In rebuttal, Stevens testified that he did not hit defendant on the back of the head with a bottle, and Detective Walter Mullen testified that he examined the top of defendant's head, looked at him closely, and found no blood on top of his head; he did have some lacerations on his forehead on which he put Merthiolate and band-aids. Defendant did not ask to be taken to the hospital.

From a verdict of guilty as charged and judgment pronounced thereon, defendant appealed to the Court of Appeals. The case was transferred to this Court under its transferral order dated 31 July 1970.

*Attorney General Robert Morgan and Assistant Attorneys General William W. Melvin and T. Buie Costen for the State.*

*Vernon F. Daughtridge for defendant appellant.*

MOORE, Justice.

[1, 2]  Defendant first contends that under the decision in *State v. Guffey*, 265 N.C. 331, 144 S.E. 2d 14, the bill of indictment in this case is fatally defective in that it did not specify the value of the property involved. The gist of the offense as described in this indictment is the attempt to commit robbery by the use or threatened use of firearms. The force or intimidation occasioned by the use or threatened use of firearms is the main element of the offense. In such a case, it is not necessary or material to describe accurately or prove the particular identity or value of the property, provided the indictment shows that the property was that of the person assaulted or under his care, and that such property is the *subject of robbery* and that it had *some* value. *State v. Rogers*, 273 N.C. 208, 159 S.E. 2d 525; *State v. Mull*, 224 N.C. 574, 31 S.E. 2d 764; G.S. 14-87; 6 Strong's N. C. Index 2d, Robbery § 2; 77 C.J.S. Robbery § 37.

[3, 4]  In *State v. Guffey, supra,* the indictment did not describe the property which the defendant was charged with taking but only that the defendant robbed the prosecuting witness "of the value of one thousand dollars." This Court held that such an

indictment was defective since it did not describe any property sufficiently to show that it was the subject of robbery, and although the indictment stated a value, what property had the value did not appear. In the present case the property involved is described as "U. S. currency." This is the subject of robbery and some value can be inferred from the description of the property itself. "In an indictment or information for robbery by taking money, the term 'money' itself imports some value, of which fact the court will take judicial notice." 77 C.J.S. Robbery § 37. Money is recognized by law as property which may be the subject of larceny, and hence of robbery. *State v. Rogers, supra;* 50 Am. Jur. 2d, Larceny § 59. The fact that the indictment in *Guffey* fails to describe any property distinguishes that case from the case at bar. Moreover, *Guffey* is further distinguishable in that it involved a completed robbery. Here, we have an attempted robbery, and it is impossible to charge the exact value of the property involved, because no property was, in fact, taken.

We hold the indictment here is sufficient and Judge Copeland was correct in overruling defendant's motion to quash.

[5, 6] Defendant next contends that the trial court erred in permitting Stevens to testify over objection that about 20 stitches were placed in his head as a result of the wound received by him when defendant struck him over the head with the Coca-Cola bottle, and that he remained in the hospital for about one week; and in permitting Detective Mullen to testify over objection that when he went to the hospital to discuss the case with Stevens, Stevens was in bed, unable to sit up, and that he had a large bandage on the top part of his head and the left side of his face. Prior to the objection to the testimony of Stevens as to the wound on his head and his stay in the hospital, Stevens testified without objection that defendant "busted a ten ounce Coca-Cola bottle over my head," "blood was both all over my face and all the way down my clothes," "I could not see right . . . because there was so much blood in my face and on my glasses," "I was getting very groggy, I was almost out, I could hardly walk," "I don't recall anything else that happened then because I was losing more blood all the time and I wanted to get to a doctor." Detective Mullen was allowed to testify without objection: "He [Stevens] had a large bandage on the top part of his head and also on I believe it was the left side of his

head and a laceration over here and a long laceration on the top part of his head. I talked to Dr. Kornegay also. Mr. Stevens was in the hospital that day and he stayed in the hospital for approximately a week after I talked to him." It is the well-established rule that when evidence is admitted over objection but the same evidence has theretofore or thereafter been admitted without objection, the benefit of the objection is ordinarily lost. *Davis v. Vaughn,* 243 N.C. 486, 91 S.E. 2d 165; *Price v. Whisnant,* 232 N.C. 653, 62 S.E. 2d 56; *State v. Godwin,* 224 N.C. 846, 32 S.E. 2d 609; Stansbury's N. C. Evidence, 2d Ed., § 30. This assignment of error is without merit.

[7]   Defendant next assigns as error that portion of the trial court's charge to the jury wherein the court was defining "an attempt." The court said: "An intent in criminal jurisprudence is an effort to accomplish a crime amounting to more than mere preparation or planning for it and which if not prevented would have resulted in the full consummation of the act attempted." It is obvious that the court here inadvertently used the word "intent" when he meant "attempt." In the paragraphs immediately preceding and immediately following that portion of the charge excepted to, and also in the paragraph which is the subject of this exception, the correct word "attempt" is used. Clearly, the court was defining "attempt." "Intent" is correctly defined in another portion of the charge. This is no more than a *lapsus linguae* and could not have been misunderstood by the jury and is not prejudicial. *State v. Smith,* 237 N.C. 1, 74 S.E. 2d 291; *State v. Truelove,* 224 N.C. 147, 29 S.E. 2d 460.

[8, 9]   Defendant next assigns as error the failure of the court to submit an issue of his guilt of attempted common law robbery.

"It is true that in a prosecution for robbery with firearms, an accused may be acquitted of the major charge and convicted of an included or lesser offense, such as common law robbery, or assault, or larceny from the person, or simple larceny, if a verdict for the included or lesser offense is supported by allegations of the indictment and by evidence on the trial. 42 C.J.S., Indictments and Information, §§ 275, 283, 293; *S. v. Jones, supra* [227 N.C. 402, 42 S.E. 2d 465]; *S. v. Moore,* 211 N.C. 748, 191 S.E. 840; *S. v. Holt,* 192 N.C. 490, 135 S.E. 324; *S. v. Cody,* 60 N.C. 197." *State v. Bell,* 228 N.C. 659, 46 S.E. 2d 834; *State v. Parker,* 262 N.C. 679, 138 S.E. 2d 496. However, the trial

court is not required to submit to the jury the question of a lesser offense, included in that charged in the indictment, where there is no evidence to support such a verdict. *State v. Williams,* 275 N.C. 77, 165 S.E. 2d 481; *State v. Hicks,* 241 N.C. 156, 84 S.E. 2d 545. In the case under review, the State's evidence clearly indicates an attempted armed robbery by the use or threatened use of a .22 caliber pistol. The defendant contends that he did not use the pistol to rob or attempt to rob Stevens, but to the contrary he only defended himself against an unjustified assault made upon him. He further contends the pistol was knocked from his hand by Stevens and was not actually used for any purpose. There is no evidence to indicate an intent to rob anyone or to steal anything without the use of the pistol. Under the State's evidence, the defendant would be guilty of attempted armed robbery. Under the defendant's evidence, he would not be guilty of attempted armed robbery or attempted common law robbery. Therefore, the judge was not, as defendant contends, required to instruct the jury that it might return a verdict of guilty of attempted common law robbery. *State v. Bridges,* 266 N.C. 354, 146 S.E. 2d 107; *State v. Parker, supra; State v. Bell, supra.*

The judge did properly charge that the jury could bring in one of several verdicts: guilty as charged in the indictment, guilty of an assault with a deadly weapon, guilty of a simple assault, or not guilty. The jury accepted the State's evidence and returned the verdict of guilty as charged.

Other exceptions to the judge's charge have been carefully considered, but when read contextually the charge presents the law fairly and clearly to the jury.

We find no prejudicial error.

No error.