STATE OF NORTH CAROLINA v. BOYD L. COXE, JR., AND CALVIN McLEAN JACKSON, ALIAS MACK JACKSON

No. 7212SC657

(Filed 25 October 1972)

1. Conspiracy § 4— conspiracy to commit armed robbery — indictment

Bill of indictment was sufficient to charge the crime of conspiracy to commit an armed robbery.

2. Conspiracy § 5— statements of co-conspirators — order of evidence

In a prosecution for conspiracy to commit armed robbery, the trial court did not err in the admission of testimony as to statements of co-conspirators prior to a showing by evidence and a finding by the court that a conspiracy existed, since wide latitude is allowed in the order in which pertinent facts are offered in evidence in a conspiracy trial.

3. Criminal Law § 89— impeachment — cross-examination — indictment for other crimes

In cases begun after 15 December 1971, a witness may not be cross-examined for impeachment purposes as to whether he has been indicted or is under indictment for a criminal offense.

4. Robbery § 5— armed robbery — verdict of felonious larceny

In this trial upon an indictment charging armed robbery, there was ample evidence to support the verdict of guilty of the lesser included offense of felonious larceny.

5. Conspiracy § 6— conspiracy to rob — sufficiency of evidence

The State's evidence was sufficient to be submitted to the jury in a prosecution for conspiracy to commit armed robbery.

APPEAL by defendants from *Hall, Judge* 24 April 1972 Session of Superior Court held in HOKE County for the trial of criminal cases.

Defendants were tried, with others, upon identical bills of indictment charging them with the felony of conspiracy to commit the crime of armed robbery and with the felony of armed robbery.

The bill of indictment charging B. L. Coxe, Jr., with conspiracy to commit the crime of armed robbery reads as follows:

"THE GRAND JURORS FOR THE STATE UPON THEIR OATH PRESENT, That Boyd L. Coxe, Jr., Calvin McLean Jackson,

Anna Grace Jackson, Don W. Thomas, Johnnie Leon Spencer, Elaine Hartman Spencer, Linda Locklear Coxe, and others, late of the County of Hoke on or about the 27th day of December, 1971, with force and arms, at and in the county aforesaid, did unlawfully, wilfully, and feloniously agree, plan, combine, conspire and confederate, each with the other, to unlawfully, wilfully and feloniously commit the unlawful and felonious crime of armed robbery at Burlington Industries, Inc., Raeford, North Carolina, having in their possession and with the use and threatened use of firearms to wit: two pistols whereby the life of Preston Moore was endangered and threatened to unlawfully, wilfully, forcibly, violently and feloniously take, steal and carry away 3 money changer machines containing $800.00 in money to wit: United States Currency of the total value of $3,200.00 from the presence and place of business of Burlington Industries, Inc., a Corporation, property of Mid-South Vending Company, Inc., a Corporation, against the form of the statute in such case made and provided and against the peace and dignity of the State."

The conspiracy bill of indictment against Calvin McLean Jackson is identical in language to the Coxe conspiracy bill of indictment with the exception that in the Jackson bill of indictment the names of the alleged conspirators appear in the following sequence: Calvin McLean Jackson, Boyd L. Coxe, Jr., Don W. Thomas, Anna Grace Jackson, Johnnie Leon Spencer, Elaine Hartman Spencer, Linda Locklear Coxe.

The bill of indictment charging B. L. Coxe, Jr., with armed robbery reads as follows:

"THE JURORS FOR THE STATE UPON THEIR OATH PRESENT, That Boyd L. Coxe, Jr., late of the County of Hoke, on or about the 27th day of December, 1971, with force and arms, at and in the county aforesaid unlawfully, wilfully and feloniously having in his possession and with the use and threatened use of firearms, to wit: two pistols, whereby the life of Preston Moore was endangered and threatened, did then and there unlawfully, wilfully, forcibly, violently and feloniously take, steal and carry away Three (3) Money change Machines containing Eight Hundred Dollars ($800.00) in money, to wit: United States Currency and coins of the value of Three Thousand Two Hundred

Dollars ($3,200.00) property of Mid-South Vending Incorporated, a corporation, from the place of business of Burlington Mills Incorporated, a corporation, on North Carolina State Highway 211 By-pass, Raeford, Hoke County, North Carolina, and from the presence, person, and possession of Preston Moore, employee of Burlington Mills Incorporated, a corporation, against the form of the statute in such case made and provided and against the peace and dignity of the State."

The armed robbery bill of indictment against Calvin McLean Jackson is identical in language to the Coxe armed robbery bill of indictment with the exception that instead of the name "Boyd L. Coxe, Jr.," there appears therein the name "Calvin McLean Jackson alias Mack Jackson."

The cases were consolidated for trial, and each of these two defendants, Coxe and Jackson, pleaded not guilty. The jury returned a verdict against each defendant of guilty as charged of conspiracy to commit the crime of armed robbery and guilty of the lesser included offense of felonious larceny on the armed robbery charge. From judgment of imprisonment on each count, each of these two named defendants appealed to the Court of Appeals.

*Attorney General Morgan and Assistant Attorney General Hafer for the State.*

*Barrington, Smith & Jones, P.A., by Carl A. Barrington, Jr., and William S. Geimer for defendant appellant Coxe.*

*John C. B. Regan III for defendant appellant Jackson.*

MALLARD, Chief Judge.

The evidence for the State tended to show that Coxe, Jackson, their wives, one Johnny Spencer and his wife (Coxe and his wife and Spencer and his wife were married after this occurrence), and one Donald Thomas all entered into a conspiracy to commit the felony of armed robbery of the night watchman, Preston Moore, at the building of the Burlington Mills (Burlington), Raeford, North Carolina. The robbery was planned for 27 December 1971. (Spencer, Mrs. Spencer and Thomas were witnesses for the State.) On the night of 27 December 1971, Thomas held a pistol on Preston Moore, the night watchman at

the building occupied by Burlington, while Coxe and Spencer went into another part of the building and took therefrom "three money changers," the property of Mid-South Vending Corporation. These money changers were attached to the wall of the building. Because the machines were too heavy for them to carry out to meet the Jackson car as planned, they were placed in and hauled away in a Burlington pickup truck and taken to the Coxe residence. Spencer, Thomas and Coxe had been taken to the scene by Jackson and his wife in the Jackson car. The Jacksons were to pick them up after the robbery was accomplished, but they left in the stolen pickup truck and did not wait to be picked up by the Jacksons. The Jacksons later met Spencer, Thomas and Coxe at Coxe's residence and the machines, which contained eight hundred dollars in cash, were pried open with crowbars and the money removed and divided equally among the four men, to wit: Spencer, Coxe, Thomas and Jackson. Each got two hundred dollars. They then took the machines and threw them into the water at McKinnon Bridge and hid the truck in the woods.

The defendants did not offer any evidence.

## APPEAL OF COXE

[1]  Defendant assigns as error the failure of the trial judge to allow his motion to quash the indictments on the grounds, among other things, that the conspiracy indictment did not give him notice of the crime he was alleged to have conspired to commit. This assignment of error is overruled. The defendant in his brief does not argue the invalidity of the bill of indictment charging armed robbery. We hold that the indictment in this case charging a conspiracy to commit the crime of armed robbery meets the test of validity under the rules set forth in *State v. Gallimore,* 272 N.C. 528, 158 S.E. 2d 505 (1968) and the cases cited therein.

[2]  Defendant contends in his assignment of error numbered 3 that the trial judge committed error in admitting into evidence certain statements of a co-conspirator and another State's witness without proper limiting instructions before evidence establishing a conspiracy was presented. Defendant argues that before any evidence of a conspiracy was admissible against these two defendants, the evidence should have shown and the trial judge should have found that a prima facie case had been made out establishing a completed conspiracy.

The correct rule relating to the order of proof in conspiracy cases is stated in *State v. Jackson,* 82 N.C. 565 (1880), where it is said:

> "Although the usual and more orderly proceeding in the development of a conspiracy is to establish the fact of its existence, and then the connection of the defendants with it, yet the conduct of the trial and the order in which the testimony shall be introduced must rest largely in the sound discretion of the presiding Judge, and if at the close of the evidence every constituent of the offense charged is proved, the verdict resting thereon will not be disturbed. * * * "

See also *State v. Thomas,* 244 N.C. 212, 93 S.E. 2d 63 (1956); *State v. Boswell,* 194 N.C. 260, 139 S.E. 374 (1927); and *State v. Anderson,* 92 N.C. 732 (1885).

In *State v. Conrad,* 275 N.C. 342, 168 S.E. 2d 39 (1969), [cited by defendant] Justice Higgins said:

> " * * * Because of the nature of the offense (conspiracy) courts have recognized the inherent difficulty in proving the formation and activities of the criminal plan and have allowed wide latitude in the order in which pertinent facts are offered in evidence. * * * "

In 15A C.J.S., Conspiracy, § 92, p. 893, it is said:

> "In a conspiracy prosecution, great latitude must be allowed the state in producing its evidence; and the accused must be allowed to introduce any competent evidence on his behalf."

We hold that the trial judge did not commit prejudicial error in the admission of the testimony complained of relating to the conspiracy.

[3] Defendant assigns as error the action of the trial court in sustaining the objections of the solicitor to questions propounded by the defendant to the State's witness Thomas, a co-conspirator, concerning criminal charges pending against him. This trial was held at the 24 April 1972 Session of Superior Court for the trial of criminal cases in Hoke County. The rule is that in cases begun after 15 December 1971, a witness may not be cross-examined for impeachment purposes as to whether

he has been indicted or is under indictment for a criminal offense. See *State v. Harris,* 281 N.C. 542, 189 S.E. 2d 249 (1972) and *State v. Williams,* 279 N.C. 663, 185 S.E. 2d 174 (1971). We hold, therefore, that this assignment of error numbered 4 is without merit.

[4] Defendant's assignment of error numbered 6, that the trial judge erred in failing to grant his motion for judgment of nonsuit of the armed robbery charge in its entirety and in submitting the issue of felonious larceny to the jury, is without merit. The trial judge did allow defendant's motion for nonsuit as to the armed robbery offense charged. The felony of larceny is a lesser included offense of armed robbery when allegations in the bill of indictment and the evidence offered at the trial will support it. *State v. Swaney,* 277 N.C. 602, 178 S.E. 2d 399 (1970), *cert. denied,* 402 U.S. 1006; *State v. Rorie,* 252 N.C. 579, 114 S.E. 2d 233 (1960) ; *State v. Bell,* 228 N.C. 659, 46 S.E. 2d 834 (1948) ; *State v. Bailey,* 4 N.C. App. 407, 167 S.E. 2d 24 (1969). In the case before us, the bill of indictment charging armed robbery contained, as required by the rule, all of the essential elements of the lesser included offense of felonious larceny. See *State v. Booker,* 250 N.C. 272, 108 S.E. 2d 426 (1959) ; 42 C.J.S., Indictments and Informations, § 275; 41 Am. Jur. 2d, Indictments and Informations, §§ 97 and 313. There was ample evidence of larceny offered at the trial to support the verdict of guilty of felonious larceny.

[5] The defendant's assignment of error that the court erred in failing to allow his motion for nonsuit as to the conspiracy to commit armed robbery is without merit. There was ample evidence of a conspiracy to commit the crime of armed robbery offered at the trial to support the verdict of guilty as charged.

Defendant contends that the trial judge erred in the instructions given the jury. We have examined the charge, and when it is considered as a whole, we are of the opinion that no prejudicial error appears therein.

### APPEAL OF JACKSON

[2] Defendant Jackson contends that the trial judge committed error in allowing the State's witness Thomas to testify regarding conversations between the co-conspirators prior to a showing by evidence and a finding by the court that a conspiracy existed.

This contention is without merit for the reasons hereinabove stated in the appeal of Coxe.

Defendant contends that the trial judge erred in failing to adequately instruct the jury as to the law with respect to responsibility of co-conspirators for one another's acts done in furtherance of the conspiracy. We hold that the trial judge adequately and fairly explained the law arising on the evidence to the jury.

We have carefully examined all of the assignments of error properly brought forward and are of the opinion that the defendants have had a fair and impartial trial, free from prejudicial error.

No error.

Judges BROCK and BRITT concur.