STATE OF NORTH CAROLINA v. ULYSSES PERRY

No. 788SC560

(Filed 21 November 1978)

**Robbery § 5.4— failure to submit misdemeanor larceny**
    In this prosecution for robbery of a service station attendant, the trial court erred in failing to submit to the jury the lesser included offense of misdemeanor larceny where defendant presented evidence from which the jury could infer that defendant and the service station attendant acted in collusion in taking $57.00 from the station.

APPEAL by defendant from *Strickland, Judge.* Judgment entered 19 January 1978 in Superior Court, WAYNE County. Heard in the Court of Appeals 18 October 1978.

Defendant was indicted for armed robbery of $57.00 from gas station attendant Jerry Crawford. The State presented evidence that on the night of 21 November 1977 the defendant made three trips to the Kayo Station where Jerry Crawford worked. On the first trip he apparently borrowed a pack of cigarettes, and on the second trip $2.00 from Crawford. During the first visit defendant

carried a shotgun with him into the station. Jerry Crawford testified that when defendant came to the station the second time, he was carrying the gun in his left hand, pointed toward the ground. At no time did defendant point the gun at Crawford or threaten him. Defendant was at the station for five to ten minutes. On the way to the Kayo station for the third time, defendant put a shell into the gun. When they arrived, defendant called Crawford over to the car and asked him "How much money you got?" Crawford then gave defendant the money out of a pouch at his waist. During this time the gun was in defendant's hand at his side, pointing down. Defendant took the money and counted it, leaving the gun on the floor inside the car. He told Crawford they were going to split the money, and counted out Crawford's half, but Crawford didn't take it.

The defendant testified that on previous occasions he had had discussions with Jerry Crawford about stealing the money that Crawford collected at the service station. He testified that the $60.00 was Crawford's own money, given to the defendant for him to use to purchase reefers. He found the gun in a ditch that night and kept it because he thought it might be valuable; he never threatened Crawford with it, or even took it out of the car.

The defendant was found guilty of common law robbery and sentenced to 7-10 years. He appeals.

*Attorney General Edmisten, by Special Deputy Attorney General John R. B. Matthis and Associate Attorney Rebecca R. Bevacqua, for the State.*

*Kornegay & Rice, P.A., by Robert T. Rice, for defendant appellant.*

ARNOLD, Judge.

The sole question on this appeal is whether the court erred in failing to charge the jury, as requested, on misdemeanor larceny as a lesser included offense, and to submit it as a possible verdict.

The defendant was found guilty of common law robbery, which is defined as "the felonious taking of goods or money from the person or presence of another by means of force or intimidation." 77 C.J.S., Robbery § 1, p. 446. He requested an instruction

on misdemeanor larceny, apparently on the basis that the property involved was worth less than $200, pursuant to G.S. 14-72(a). "[A] defendant is entitled to have all lesser degrees of offenses supported by the evidence submitted to the jury as possible alternate verdicts." *State v. Palmer*, 293 N.C. 633, 643-44, 239 S.E. 2d 406, 413 (1977).

According to the State's evidence, the defendant took the money from the person of Jerry Crawford, which would bring G.S. 14-72(b)(1) into play and make an instruction on misdemeanor larceny unnecessary. G.S. 14-72(b)(1) provides that "[t]he crime of larceny is a felony, without regard to the value of the property in question, if the larceny is . . . from the person. . . ." However, defendant testified that on previous occasions he and Jerry Crawford had discussions about stealing the money that Crawford collected at the service station. According to defendant, about three weeks before the robbery, Crawford had said, "Well, you come by one night and I'll let you have the money and I'll tell the people, the company, that I was robbed." Defendant's testimony presents evidence from which the jury might infer that he and Crawford acted in collusion in taking the money from the Kayo station, in which case the larceny would not be "from the person." Thus, there was evidence of misdemeanor larceny, a lesser offense, and the failure to submit this issue for the jury's consideration entitles defendant to a

New trial.

Judges CLARK and ERWIN concur.