STATE OF NORTH CAROLINA v. JOHNNIE EVANS

No. 7814SC748

(Filed 3 April 1979)

**Criminal Law § 89.8— cross-examination of State's witness—pending criminal charges—competency to show bias**

The trial court should have permitted defense counsel to cross-examine a State's witness as to whether criminal charges were pending against him for the purpose of showing bias of the witness in that he might have been testifying in order to receive a lighter sentence in the case in which he was charged.

APPEAL by defendant from *Martin (John C.), Judge.* Judgment entered 12 April 1978 in Superior Court, DURHAM County. Heard in the Court of Appeals 28 November 1978.

The defendant was convicted of non-felonious breaking or entering and felonious larceny. He has appealed to this Court.

*Attorney General Edmisten, by Associate Attorney T. Michael Todd, for the State.*

*Loflin, Loflin, Galloway, Leary and Acker, by Thomas F. Loflin III, for defendant appellant.*

WEBB, Judge.

Defendant has brought forward several assignments of error. We shall consider one of them. The State called as a witness John Thomas Minga who testified he was a security guard at the building at which the break-in occurred and that he observed the break-in. On the cross-examination of John Minga the record shows the following colloquy:

> "Q. Do you have criminal charges pending against you . . . at this time?
>
> OBJECTION. SUSTAINED.
>
> [Witness would have answered he was then under indictment in Durham Superior Court for possession and sale of marijuana.]"

The appellant contends it was prejudicial error not to allow the answer to this question to show the bias of the witness. We hold that it was prejudicial error requiring a new trial.

We note at the outset that the United States Supreme Court has had a similar question before it in *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed. 2d 347 (1974). That case involved an Alaskan statute which provided that the criminal records of juveniles were to be confidential. On cross-examination, the attorney for a person on trial for burglary asked a State's witness if he were not then on probation for a similar offense. The Alaska court sustained an objection to the question on the ground the Alaskan statute prohibited revealing this information. The United States Supreme Court held that sustaining this objection deprived the defendant of his Sixth Amendment right to confront a witness against him. The Supreme Court said the United States Constitution required that defendant be allowed to have this question answered to show bias on the part of the witness. In *State v. Roberson*, 215 N.C. 784, 3 S.E. 2d 277 (1939) it was held reversible error to exclude testimony on cross-examination that the witness was testifying after a nol pros had been taken in his case and that he was still under a suspended sentence. The court also excluded testimony from other witnesses as to the nol pros and would not let the defendant's counsel argue this to the jury. The Supreme Court said at 787:

State v. Evans

"While latitude is allowed in showing the bias, hostility, corruption, prejudice and interest or misconduct of the witness with respect to the case or other facts tending to prove that his testimony is unworthy of credit, . . . the question as to the extent to which the cross-examination may extend is to be determined with a view to the discretion of the trial judge. Nevertheless, if the latter has excluded testimony which would clearly show bias, interest, the promise, or the hope of reward on the part of the witness, it is error and may be ground for a new trial. (Citations omitted.) The discretionary power of the trial judge is to confine the cross-examination within reasonable limits. It does not include the authority to exclude altogether questions, and the answers thereto, which directly challenge the disinterestedness or credibility of the witness' testimony."

In *State v. Alston*, 17 N.C. App. 712, 195 S.E. 2d 314 (1973), the trial court was reversed for ruling out questions designed to elicit testimony from a State's witness as to the possibility that he might expect leniency in a case in which he was under indictment. In *State v. Coxe*, 16 N.C. App. 301, 191 S.E. 2d 923, *cert. denied*, 282 N.C. 427 (1972), the superior court was affirmed in sustaining an objection to a question of a witness as to what indictment was then against him. The court in that case treated the question as one for impeaching the witness. It did not consider it as one to show bias of the witness in that he might be led to testify for the State in the hope of reward. For further cases and discussion, *see* 1 Stansbury, N.C. Evidence (Brandis Rev. 1973), § 45, p. 123.

We hold that the question asked the witness in this case and the answer which would have been elicited could show bias on the part of the witness in that he could be testifying in order to receive a lighter sentence in the case in which he was indicted. It was prejudicial error to exclude this answer. We do not discuss the defendant's other assignments of error as the questions raised by them might not arise on a new trial.

New trial.

Judges CLARK and MITCHELL concur.