STATE OF NORTH CAROLINA v. BERNARD HAYWOOD REID

No. 8126SC397

(Filed 1 December 1981)

1. **Robbery § 4.3— armed robbery—sufficiency of evidence**

The trial court properly denied defendant's motion to dismiss the charge of armed robbery for insufficiency of the evidence where the evidence tended to show that upon the victim's refusal to allow defendant to use his car, defendant obtained a shotgun, told the victim to get out of the car, shot and beat the victim, and where the automobile was found deserted close to defendant's apartment.

2. **Robbery § 5.4— armed robbery—lesser offenses—failure to submit—proper**

The trial court properly failed to submit to the jury instructions of larceny and of unauthorized use of a motor conveyance where there was uncontroverted evidence that defendant unlawfully took the victim's automobile after shooting the victim with a sawed-off shotgun and then hit the victim with the butt of that shotgun.

APPEAL by defendant from *Griffin, Judge.* Judgment entered 25 November 1980 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals on 13 October 1981.

The defendant was indicted on charges of armed robbery and assault with a deadly weapon with intent to kill inflicting serious

injuries. At trial the State presented evidence tending to show that during the early morning hours of 1 August 1980, Steve Fant saw the defendant on a bicycle as Fant was returning home from a party. Although Fant did not know the defendant, he stopped his car when defendant threw up his hand. After putting defendant's bicycle in the trunk of the car, the two men proceeded to Fant's apartment where they engaged in sexual relations. Afterwards defendant asked Fant if he could borrow the car which belonged to Fant's mother. Fant refused but promised to drive defendant where he needed to go.

At defendant's request, Fant drove him to Fairview Homes where defendant went into an apartment. He returned to the car with a paper bag from which he pulled a sawed-off single barrel shotgun. Pointing the shotgun at Fant, defendant told him to drive. They went to a narrow street called Hutchinson-McDonald where defendant told Fant to get out of the car. Before Fant could get out, defendant shot him in the arm. Afterwards, outside the car, the two men scuffled, and, when defendant hit him across the back of his head with the butt of the shotgun, Fant lost consciousness. Fant was hospitalized for approximately twenty-eight days for treatment of his fractured arm, multiple facial lacerations, and a fractured jaw.

Later on 1 August, the car Fant had been driving was found at the dead end of Eureka Street, near Fairview Homes.

At the close of the State's evidence, defendant's motion to dismiss on the basis that there was no evidence of an armed robbery or of an intent to kill was denied. Defendant presented no evidence. The jury returned guilty verdicts to both charges, and from a judgment sentencing defendant to not less than 10 nor more than 15 years in prison, defendant appealed.

*Attorney General Rufus L. Edmisten, by Associate Attorney Michael Rivers Morgan, for the State.*

*Appellate Defender Project for North Carolina, by Appellate Defender Adam Stein and Assistant Appellate Defender Malcolm R. Hunter, Jr., for defendant appellant.*

HEDRICK, Judge.

[1] Defendant first contends that the trial court erred in denying his motion to dismiss. His argument, that there was insufficient

evidence of armed robbery for a rational trier of fact to find guilt beyond a reasonable doubt, is twofold. He argues, first, that there was not sufficient evidence that the defendant took the automobile by use of a deadly weapon and, second, that there was insufficient evidence that defendant took and carried away the vehicle. We disagree.

G.S. § 14-87 sets forth the essential elements of armed robbery: (1) the unlawful taking or attempted taking of personal property from another; (2) the possession, use, or threatened use of "any firearms or other dangerous weapon, implement or means;" and (3) danger or threat to the life of the victim. *See State v. Joyner*, 295 N.C. 55, 243 S.E. 2d 367 (1978). While defendant concedes that the evidence tends to show assault as well as the presence of a deadly weapon, he argues the case of *State v. Powell*, 299 N.C. 95, 261 S.E. 2d 114 (1980), for the proposition that a defendant, taking the automobile only as an afterthought once the victim has been rendered unconscious, cannot be found guilty of armed robbery. In *Powell*, defendant, after raping, strangling and stabbing the victim in her home, took her automobile, television, and carving knife. The Supreme Court held that, while there was sufficient evidence to support a charge of larceny, there was not sufficient evidence that the defendant used a dangerous weapon in taking the items to support a finding of armed robbery. The Court, construing the evidence in the light most favorable to the State, found that it indicated only that defendant took the objects as an afterthought once the victim died.

We believe that the factual situation of *Powell* is distinguishable from the factual situation before us. Here we have uncontroverted evidence that defendant asked Fant for his car, but Fant refused, offering instead to take defendant where he wanted to go. Once defendant had obtained the shotgun and was in Fant's car, he told Fant to get out. Even though the defendant eventually got out of the car and scuffled with Fant, there was sufficient circumstantial evidence from which a reasonable trier of fact could conclude that defendant intended to get rid of Fant and then to take Fant's car. For a factually similar case finding sufficient evidence of armed robbery, *see State v. Reaves*, 9 N.C. App. 315, 176 S.E. 2d 13 (1970).

Likewise, based on the same evidence, we find that there was sufficient circumstantial evidence tending to show that defendant in fact took and carried away the automobile. Moreover, there was additional evidence that the automobile was found deserted in close proximity to defendant's apartment. Defendant's motion to dismiss for insufficiency of the evidence was properly denied.

[2] We now consider defendant's contentions that the trial court erred in failing to submit to the jury instructions of larceny, a lesser included offense of armed robbery, *State v. Swaney*, 277 N.C. 602, 178 S.E. 2d 399, *appeal dismissed and cert. denied*, 402 U.S. 1006, 91 S.Ct. 2199, 29 L.Ed. 2d 428 (1971), and of unauthorized use of a motor conveyance, a lesser included offense of larceny, *State v. Ross*, 46 N.C. App. 338, 264 S.E. 2d 742 (1980). When there is conflicting evidence of the essential elements of the greater crime and there is also evidence of lesser included offenses, the trial court must instruct on the lesser included offenses whether or not there has been a specific request for such instructions. *State v. Brown*, 300 N.C. 41, 265 S.E. 2d 191 (1980). If, however, the evidence discloses no conflicting evidence relating to the essential elements of the greater crime, then it is not necessary to submit the lesser included offense or offenses. *Id.*

We have already reviewed the essential elements of the crime of armed robbery. From our reading of the record, there was uncontroverted evidence that defendant unlawfully took Fant's automobile after shooting him with a sawed-off shotgun and then hitting Fant with the butt of that shotgun, thereby endangering Fant's life. Under these circumstances, there was no conflicting evidence concerning the essential elements of armed robbery, and there was, therefore, no need to submit to the jury any lesser included offense of armed robbery.

There was, in defendant's trial,

No error.

Judges CLARK and MARTIN (Harry C.) concur.