STATE OF NORTH CAROLINA v. RAY NOBLE TUGGLE

No. 9117SC857

(Filed 2 March 1993)

1. **Narcotics, Controlled Substances, and Paraphernalia § 208 (NCI4th) — sentences for related offenses — no double jeopardy**
   The trial court did not violate defendant's constitutional right against double jeopardy by (1) imposing sentences upon defendant for possession of marijuana with intent to sell and manufacturing marijuana by packaging; (2) imposing consecutive sentences upon defendant for possession of marijuana with intent to sell, manufacturing marijuana by packaging, and knowingly maintaining a vehicle for selling marijuana; or (3) imposing consecutive sentences upon defendant for trafficking in cocaine by possession of more than 28 grams and maintaining a dwelling for the purpose of selling cocaine.

   **Am Jur 2d, Criminal Law § 266; Drugs, Narcotics, and Poisons § 48.**

   **Supreme Court's views as to application, in state criminal prosecutions, of double jeopardy clause of Federal Constitution's Fifth Amendment. 95 L. Ed. 2d 924.**

STATE v. TUGGLE

[109 N.C. App. 235 (1993)]

Limitation under double jeopardy clause of Fifth Amendment upon state criminal prosecutions, Supreme Court cases. 67 L. Ed. 2d 831.

2. **Narcotics, Controlled Substances, and Paraphernalia § 103 (NCI4th)— unlawful possession of diazepam — insufficient evidence**

The State presented insufficient evidence to support defendant's conviction of unlawful possession of diazepam (Valium) where its evidence tended to show that officers found seventy-eight five milligram tablets of diazepam in a bottle in defendant's residence but there was no evidence that the tablets were not issued pursuant to a prescription or that this quantity was larger than amounts normally prescribed.

Am Jur 2d, Drugs, Narcotics, and Poisons § 47.

3. **Narcotics, Controlled Substances, and Paraphernalia § 181 (NCI4th)— instructions — control of premises — inference of possession of substance**

The trial court did not err in instructing the jury that it could infer that defendant had constructive possession of a substance if it found beyond a reasonable doubt that defendant exercised control over the premises in which the substance was found without also instructing the jury that it was not required to make such an inference.

Am Jur 2d, Drugs, Narcotics, and Poisons § 47.5.

4. **Narcotics, Controlled Substances, and Paraphernalia § 136 (NCI4th)— maintaining vehicle and dwelling for selling narcotics — sufficiency of evidence**

The State's evidence was sufficient to support defendant's convictions of knowingly maintaining a vehicle for selling marijuana and knowingly maintaining a dwelling house for the purpose of keeping and selling cocaine.

Am Jur 2d, Drugs, Narcotics, and Poisons § 47.

Appeal by defendant from judgments entered 21 February 1991 by Judge Peter M. McHugh in Rockingham County Superior Court. Heard in the Court of Appeals 20 October 1992.

The State's evidence tends to show the following: On 17 May 1988 officers from the Rockingham County Sheriff's Department

STATE v. TUGGLE

[109 N.C. App. 235 (1993)]

went to the defendant's residence to execute a search warrant which authorized the search of the defendant's home, its out-building and any vehicles on the property. Upon arrival, the officers knocked on the door of the residence and the defendant answered. The officers entered, read the search warrant to the defendant and proceeded to search the residence. While searching the master bedroom, the officers found $2,000 cash; a bottle of pills later identified as the Schedule IV controlled substance, diazepam (valium); a bag of marijuana and two straws of the type used to inhale cocaine. The officers found $763 cash and the defendant's automobile operator's license in a pair of jeans lying in the hallway. The officers also found a set of Ohaus scales in the living room. When the officers searched the basement, they found a large number of what appeared to be marijuana seeds and two plastic straws of the type used to inhale cocaine. They also found in the basement's wood stove a block of a hard white substance later identified as 103.6 grams of cocaine. The cocaine was inside a Tupperware©-like container which was inside a green plastic trash bag. After the cocaine field tested positive for cocaine, officers took defendant to the basement, advised him of his rights and questioned him about the cocaine. When asked if he had any more drugs, the defendant answered "No." When asked if he usually handled this quantity of drugs, he responded, "This is the most I've had."

The officers also searched both a 1976 Cadillac automobile and a van. The Cadillac, which was parked in the carport, was registered in the defendant's wife's name. However, the defendant told the officers that his wife did not live at his residence and that the reason the car was registered in her name was that when it was purchased, he did not have a driver's license. The defendant also told the officers that he did not know where the keys to the car were located. The officers found the keys in the bedroom. The officers found a .22 caliber Derringer in an armrest of the Cadillac and two and one-half kilograms of marijuana in the trunk. The officers obtained keys to the van from the defendant. When the officers searched the van parked in the yard, they found various drug paraphernalia items including: a sifter, plastic bags, scissors, bag ties, and Inositol, a white powder often used as a cutting agent for controlled substances.

Finally, Officer Lindsey Watkins of the Rockingham County Sheriff's Department testified that she has known the defendant for more than twenty years and that he has resided at the residence

searched for "twenty something years." S. E. Nelson, a captain with the Rockingham County Sheriff's Department, testified that he found letters addressed to defendant Tuggle at the residence searched.

After a jury trial, the defendant was convicted of the following: five counts of non-felonious possession of stolen goods (88 CRS 3889-3892 and 88 CRS 3894); (The underlying facts supporting these convictions are not an issue on appeal. Accordingly, we do not recount them here.); trafficking in cocaine by possession of more than 28 grams (88 CRS 3895); knowingly and intentionally keeping and maintaining a dwelling house for the purpose of keeping and selling cocaine (88 CRS 3896); possession with intent to sell cocaine (88 CRS 3897); possession with intent to sell marijuana (88 CRS 3900); manufacturing marijuana by packaging (88 CRS 3901); knowingly and intentionally maintaining a vehicle for selling marijuana (88 CRS 3902); and possession of diazepam (88 CRS 3903).

Based on the convictions the trial court imposed the following sentences. The convictions in 88 CRS 3889-3892 and 88 CRS 3894 were consolidated for judgment and sentence of two years imprisonment. The defendant received a fifteen year sentence for his conviction in 88 CRS 3895. Based on his conviction in 88 CRS 3896 the trial court imposed a five year sentence on the defendant to begin at the expiration of the sentence in 88 CRS 3895. The court imposed a five year sentence in 88 CRS 3900 to begin at the expiration of 88 CRS 3896. The court also imposed a five year sentence in 88 CRS 3901 to run concurrently with the sentence in 88 CRS 3900. The defendant was sentenced in 88 CRS 3902 to five years in prison to begin at the expiration of the sentence in 88 CRS 3900. The defendant also received a two year sentence in 88 CRS 3903 to run concurrently with the sentence in 88 CRS 3902. Judgment was arrested on the conviction in 88 CRS 3897. In sum, defendant was sentenced to active prison terms aggregating thirty years.

From judgment pronouncing sentence, defendant appeals.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General David M. Parker, for the State.*

*Mary K. Nicholson and Robert S. Cahoon for the defendant-appellant.*

STATE v. TUGGLE

[109 N.C. App. 235 (1993)]

EAGLES, Judge.

I

[1] In his first assignment defendant raises a broadside challenge to the sentences imposed upon him by the trial court. Defendant's argument here, at best, is convoluted. Nonetheless, it appears that defendant argues that the trial court violated his constitutional right against double jeopardy by (1) imposing sentence upon the defendant for possession with intent to sell marijuana (88CRS3900) and manufacturing marijuana by packaging (88CRS3901); (2) imposing consecutive sentences for possession with intent to sell marijuana (88CRS3900), manufacturing marijuana by packaging (88CRS3901), and knowingly and intentionally maintaining a vehicle for selling marijuana (88CRS3902); and by (3) imposing consecutive sentences upon the defendant for trafficking in cocaine by possession of more than 28 grams (88CRS3895) and maintaining a dwelling for the purpose of selling cocaine (88CRS3896). Defendant relies on *State v. Mebane,* 101 N.C. App. 119, 398 S.E.2d 672 (1990) and *State v. McGill,* 296 N.C. 564, 251 S.E.2d 616 (1979), *disavowed by State v. Hurst,* 320 N.C. 589, 359 S.E.2d 776 (1987).

Initially, we note that the defendant misstates that his sentence in 88 CRS 3901 runs consecutive to his sentence in 88 CRS 3900. The judgment in 88 CRS 3901 clearly states that it is "to run concurrently with 88 CRS 3900." Because the sentences run concurrently, the State argues that any error committed in sentencing was harmless error. In *State v. Barnes,* 324 N.C. 539, 380 S.E.2d 118 (1989) our Supreme Court, relying on reasoning in *Ball v. United States,* 470 U.S. 856, 84 L.Ed.2d 740 (1985), expressly overruled the previously existing general rule that "where concurrent sentences of equal length are imposed, any error in the charge relating to one count only is harmless." This *Barnes* holding, that separate convictions may give rise to adverse collateral consequences, is equally applicable here.

The dispositive issue here is whether the defendant's right against double jeopardy has been infringed by the sentences imposed upon him by the trial court. We have closely examined each of the arguments raised by the defendant, in light of *State v. Mebane* and *State v. McGill,* and find no error. *See State v. Steward,* 330 N.C. 607, 411 S.E.2d 376 (1992); *State v. Hurst,* 320 N.C. 589, 359 S.E.2d 776 (1987), *overruled on other grounds by State v. White,*

322 N.C. 506, 369 S.E.2d 813 (1988); and *State v. Perry*, 316 N.C. 87, 340 S.E.2d 450 (1986). Accordingly, this assignment is overruled.

II

**[2]** By his second, fifth and seventh assignments of error, the defendant argues that the trial court erred by denying his motion to dismiss the charge of possession of diazepam and in instructing the jury on possession of diazepam. Specifically, defendant argues that (1) the State failed to show that the defendant unlawfully possessed diazepam and (2) because diazepam has a currently acceptable medical use the trial court should have instructed the jury that the State had to show defendant's possession was unlawful.

The law attending our review of denials of motions to dismiss in criminal trials is well settled. . . .

Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied.

If the evidence is sufficient only to raise a suspicion or conjecture as to either the commission of the offense or the identity of the defendant as the perpetrator of it, the motion should be allowed.

*State v. Benson*, 331 N.C. 537, 544, 417 S.E.2d 756, 761 (1992) (citations omitted).

In order for defendant to be convicted of possession of diazepam the State must show that (1) the defendant possessed diazepam (2) in a manner not authorized by the North Carolina Controlled Substances Act. G.S. § 90-95(a)(3). Here, the State's brief cites portions of the trial transcript tending to show that officers, acting pursuant to a valid search warrant, found a white plastic bottle containing seventy-eight five milligram tablets of diazepam (valium) in the pocket of a coat located in the master bedroom. The State, however, does not point to any record evidence tending to show that the tablets were not issued pursuant to a prescription (the bottle was not submitted as an exhibit on appeal) or that the quantity of valium possessed by the defendant is larger than amounts normally prescribed. We conclude that the State has failed to pre-

sent substantial evidence that the defendant possessed the diazepam unlawfully. Accordingly, the defendant's conviction in 88 CRS 3903 is reversed.

### III

[3] By his fifth and seventh assignments, defendant argues that the trial court erred by instructing the jury on constructive possession as follows:

> If you find, beyond a reasonable doubt, that a substance was found in certain premises, and that the defendant exercised control over those premises, whether or not he owned them, this would be a circumstance from which you may infer that the defendant was aware of the presence of the substance, and has the power and intent to control its disposition or use.

Defendant argues that the jury should have also been instructed that although they may infer possession by the defendant they are not required to do so. We disagree.

In *State v. Peek*, 89 N.C. App. 123, 365 S.E.2d 320 (1988), the defendant objected to the trial court's instruction that the jury could infer that the defendant had constructive possession of contraband if they found beyond a reasonable doubt that the defendant had control of the premises. This court held:

> The trial court may properly instruct the jury that it may infer a defendant's constructive possession of contraband from his control of the premises if the instruction clearly leaves it to the jury to decide whether to make the inference. Here, the trial court properly instructed the jury on the inference. Defendant's assignment of error is without merit.

*Peek* at 126-27, 365 S.E.2d at 323 (citation omitted). Here, too, we find the defendant's assignment to be without merit.

### IV

[4] Finally, defendant argues through his second, third and fourth assignments that the trial court erred by failing to grant his motion to dismiss at the close of the evidence and his motion to set aside the jury verdict. Specifically, defendant argues that the State failed to present sufficient evidence to support (1) a constructive possession theory and (2) the convictions of knowingly and intentionally keeping and maintaining a vehicle for selling marijuana and know-

ing and intentionally keeping and maintaining a dwelling house for the purpose of keeping and selling cocaine.

After carefully examining the record on appeal we find more than ample evidence to support the trial court's ruling on each of the charges disputed by the defendant. Accordingly, this assignment is overruled.

V

Defendant's remaining assignments have been abandoned. N.C.R. App. Pro. 28(b)(5).

VI

In conclusion, the defendant's conviction in 88 CRS 3903 is reversed. The remaining convictions (88 CRS 3889, 88 CRS 3890, 88 CRS 3891, 88 CRS 3892, 88 CRS 3894, 88 CRS 3895, 88 CRS 3896, 88 CRS 3897, 88 CRS 3900, 88 CRS 3901 and 88 CRS 3902) are without error.

Reversed in part; no error in part.

Judges ORR and JOHN concur.