STATE OF NORTH CAROLINA v. LINDA SUE PEEK

No. 8726SC637

(Filed 1 March 1988)

1. Criminal Law § 73.2— mail addressed to defendant discovered in search of defendant's home—not hearsay—admissible

Defendant's name and address, written or printed on an envelope or its contents, is neither a written assertion nor conduct intended as an assertion and therefore is not hearsay. N.C.G.S. § 8C-1, Rule 801(c).

2. Narcotics § 4.3— constructive possession—evidence sufficient

In an action involving possession of narcotics, narcotics paraphernalia, and a weapon of mass destruction, the trial court correctly denied defendant's motion to dismiss at the close of the evidence based on insufficient evidence of constructive possession of the contraband where the evidence showed that a telephone bill and other pieces of mail addressed to defendant were found in the bedroom of the house; that defendant's minor son appeared at the house during the course of the search; that an acquaintance of defendant who did not live at the house was present in the living room when officers arrived; that defendant was arrested inside the house ten days later; and that contraband was found in four different rooms, some of it in plain view and some of it hidden.

3. Narcotics § 4.6— constructive possession—instructions correct

The trial court did not err in an action for possession of narcotics, narcotics paraphernalia, and a weapon of mass destruction by instructing the jury that they could infer that defendant had constructive possession of the contraband if they found beyond a reasonable doubt that she had control of the premises. Defendant did not object to the trial court's instructions on those grounds and the court's instruction clearly left it to the jury to decide whether to make the inference of constructive possession of contraband from control of the premises.

APPEAL by defendant from *Sitton, Judge*. Judgment entered 20 February 1987 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 9 December 1987.

Defendant was indicted on four charges: possession of marijuana with intent to sell and deliver, possession of cocaine with intent to sell and deliver, possession of drug paraphernalia, and possession of a weapon of mass destruction. At trial, only the State offered evidence. It tended to show that on 1 August 1986 several Charlotte Police officers with a valid search warrant searched a single family house at 826 Squirrel Hill Road in Charlotte. Defendant was not present when the officers arrived and, when no one answered the door, they forced it open. Inside, the officers found Thomas Rice standing in the living room. Mr. Rice was acquainted with defendant but did not live in the house. During the course of the two hour search, defendant's sixteen or seventeen year old son arrived but defendant was not there. Defendant was arrested at the house ten days later.

The search uncovered numerous items of contraband in several different rooms. Behind a bar in the den, the officers found a box containing over 11 grams of cocaine in 10 small plastic bags. In the downstairs bedroom next to the den, the following items were discovered: a sawed-off shotgun, found behind a dresser; over 63 grams of marijuana, found in a green, plastic bag inside a cedar chest; 24 more grams of marijuana, some of it found on top of a dresser; a sifter containing cocaine residue; a teaspoon inside a plastic bag, which contained cocaine residue; two bottles of inositol, a white powder commonly used for diluting cocaine; a box of plastic sandwich bags; over 400 small manila envelopes; approximately 50 brown "coin envelopes"; and one hundred eighty seven one dollar bills, found inside the dresser. In an upstairs bedroom, the officers found a plate containing cocaine residue and a pipe containing marijuana residue. In the kitchen, a set of triple beam scales was found; it also contained cocaine residue. One thousand dollars in cash was found stuffed down in the side of a sofa in the living room. Several pieces of mail addressed to defendant at 826 Squirrel Hill Road, including a telephone bill, were also found in the downstairs bedroom. At the close of the evidence, the trial court denied defendant's motion to dismiss. The jury returned guilty verdicts on all four charges. From judgment and sentence imposed, defendant appeals.

*Attorney General Thornburg, by Assistant Attorney General Douglas A. Johnston, for the State.*

*James H. Carson, Jr., for the defendant-appellant.*

EAGLES, Judge.

[1]   Defendant argues that the trial court erred in allowing into evidence copies of several pieces of mail addressed to her at 826 Squirrel Hill Road. Because they were offered to prove that she lived at that address, defendant contends the mail is inadmissible hearsay. We disagree.

Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered to prove the truth of the matter asserted. *Livermon v. Bridgett*, 77 N.C. App. 533, 335 S.E. 2d 753 (1985), *disc. rev. denied*, 315 N.C. 391, 338 S.E. 2d 880 (1986); G.S. 8C-1, Rule 801(c). A "statement" is either (1) an oral or written assertion, or (2) non-verbal conduct which is intended as an assertion. G.S. 8C-1, Rule 801(a). Defendant's name and address, written or printed on an envelope or its contents, is neither a written assertion nor conduct which is intended as an assertion and, therefore, is not hearsay evidence.

On its face, a written or printed name and address on an envelope asserts nothing. From the sender's conduct in writing or affixing the name and address and mailing the material so addressed, however, it may be inferred that the sender believes the person named lives at that address. As the Commentary to Rule 801 makes clear, conduct "offered as evidence that the person acted as he did because of his belief in the existence of the condition sought to be proved" is not a statement. Although evidence of the sender's conduct remains untested as to perception, memory, and narration, those "dangers are minimal in the absence of an intent to assert, and do not justify the loss of the evidence on hearsay grounds." G.S. 8C-1, Rule 801, Commentary. *See also* McCormick on Evidence, section 250 (3d ed. 1984). The sender's conduct in addressing and mailing the envelope undoubtedly implies that the sender believes the addressee lives at that address. Nevertheless, because no assertion is intended, the evidence is not hearsay and is admissible. *See United States v. Singer*, 687 F. 2d 1135 (8th Cir. 1982).

[2]   Defendant next argues that the trial court erred in failing to grant her motion to dismiss at the close of the evidence. She contends that the evidence was insufficient to show she had constructive possession of the contraband. We find no error.

When determining whether the evidence is sufficient to go to the jury on the question of defendant's guilt, the trial court must view the evidence in the light most favorable to the State, giving it the benefit of all reasonable inferences which may be drawn therefrom. *State v. Rasnor*, 319 N.C. 577, 356 S.E. 2d 328 (1987). Evidence of constructive possession is sufficient if it would allow a reasonable mind to conclude that the defendant had the intent and capability to maintain control and dominion over the contraband. *State v. Beaver*, 317 N.C. 643, 346 S.E. 2d 476 (1986). Where contraband is found on premises under the control of the defendant, that in itself is sufficient to go to the jury on the question of constructive possession. *State v. Minor*, 290 N.C. 68, 224 S.E. 2d 180 (1976). In proving that the defendant had control of the premises, it is not necessary to show that defendant was present when the contraband was found. *See State v. Cockman*, 20 N.C. App. 409, 201 S.E. 2d 740, *cert. denied*, 285 N.C. 87, 203 S.E. 2d 61 (1974).

The evidence showed that a telephone bill and other pieces of mail, addressed to defendant at 826 Squirrel Hill Road, were found in the bedroom; that defendant's minor son appeared at the house during the course of the search; that an acquaintance of defendant, who did not live at the house, was present in the living room when the officers arrived; that defendant was arrested inside the house ten days later; and that contraband was found in four different rooms, some of it in plain view and some of it hidden. This is sufficient, taken in the light most favorable to the State, to show that defendant had the intent and power to control the contraband. *See State v. Edwards*, 85 N.C. App. 145, 354 S.E. 2d 344, *cert. denied*, 320 N.C. 172, 358 S.E. 2d 58 (1987); *State v. Cockman, supra.* The trial court did not err in denying defendant's motion to dismiss.

[3] Finally, defendant argues here that the trial court erred in instructing the jury that they could infer that she had constructive possession of the contraband if they found, beyond a reasonable doubt, that she had control of the premises. Defendant, however, did not object to the trial court's instructions on those grounds and, therefore, is barred from assigning it as error. N.C. R. App. Proc. 10(b)(2); *Martin v. Hare*, 78 N.C. App. 358, 337 S.E. 2d 632 (1985). Moreover, the trial court's instruction was not erroneous. The trial court may properly instruct the jury that it may

infer a defendant's constructive possession of contraband from his control of the premises if the instruction clearly leaves it to the jury to decide whether to make the inference. *See State v. Hamlet*, 15 N.C. App. 272, 189 S.E. 2d 811 (1972). Here, the trial court properly instructed the jury on the inference. Defendant's assignment of error is without merit.

No error.

Chief Judge HEDRICK and Judge GREENE concur.