**THY HO, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–9904–CR–283.

Court of Appeals of Indiana.

March 31, 2000.

Steven B. Lazinsky, Marion County Public Defender, Indianapolis, Indiana, Attorney For Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Liisi Brien, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

NAJAM, Judge

### STATEMENT OF THE CASE

Thy Ho appeals his convictions of Robbery, as a Class B felony, Theft, as a Class D felony, Criminal Confinement, as a Class B felony, and Carrying a Handgun Without a License, a Class A Misdemeanor, following a bench trial.[1] We affirm.

### ISSUES

Ho presents three issues for our review which we restate as:

1. Whether his convictions for robbery and theft violate the Double Jeopardy Clause of the Indiana Constitution.

2. Whether his convictions for robbery and carrying a handgun without a license violate the Double Jeopardy Clause of the Indiana Constitution.

3. Whether his convictions for robbery and criminal confinement violate the Double Jeopardy Clause of the Indiana Constitution.

### FACTS

On September 25, 1998, Ho and an accomplice entered an apartment shared by Thoa Kim Dinh, her husband, Thong Nguyen, and their two children. A second accomplice waited outside in a vehicle. Dinh was upstairs when she heard a noise. Dinh went to investigate and discovered the two men in her apartment. When Dinh tried to escape through the kitchen door, the accomplice placed his hands around her neck. Ho and his accomplice escorted Dinh at gunpoint to an upstairs bedroom. After Ho tied up Dinh's son with an electrical cord in an upstairs bathroom, Ho entered the bedroom and held the gun to Dinh's head. When Dinh begged to console her son, Ho allowed her to briefly leave the bedroom. Ho then ordered Dinh and her son into the bedroom and ordered them to lie on the floor. As Ho held the gun to Dinh's head, the accomplice demanded jewelry and money. The accomplice searched the apartment while Ho held the gun to Dinh's head. Dinh eventually heard a loud knock on the door which caused Ho and his accomplice to run and hide. Police entered the apartment and found Ho's accomplice hiding in a closet and Ho hiding in the attic. The police recovered $4,000.00 in cash belonging to Dinh's husband from the accomplice, and three gold rings belonging to both Dinh and her husband from Ho.

### DISCUSSION AND DECISION

#### Standard of Review

■ Ho contends that several of his convictions violate the Double Jeopardy Clause of the Indiana Constitution. Two or more offenses are the "same offense" in

---

1. Ho was also convicted of Conspiracy to Commit Burglary, as a Class B felony, Burglary, as a Class B felony, another count of Criminal Confinement, as a Class B felony, and Criminal Gang Activity, as a Class D felony. However, Ho does not challenge those convictions on appeal.

violation of Article I, Section 14 of the Indiana Constitution, if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense. *Richardson v. State,* 717 N.E.2d 32, 49–50 (Ind.1999).

■■■ The objective of the statutory elements test is to determine whether the essential elements of separate statutory crimes charged could be established hypothetically. *Id.* at 50. The charged offenses are identified by comparing the essential statutory elements of one charged offense with the essential statutory elements of the other charged offense. *Id.* "Inspecting the relevant statutes and the charging instrument to identify those elements which must be established to convict under the statute, this review considers the essential statutory elements to determine the identity of the offense charged, but does not evaluate the *manner* or *means* by which the offenses are alleged to have been committed, unless the manner or means comprise an essential element." *Id.* After we identify the essential elements of each charged offense, we must determine whether the elements of one of the challenged offenses could, hypothetically, be established by evidence that does not also establish the essential elements of the other charged offense. *Id.*

■■■ If the statutory elements test does not disclose a double jeopardy violation, we turn to the actual evidence test. Under that test, the actual evidence presented at trial is examined to determine whether each challenged offense was established by separate and distinct facts. *Id.* at 53. To show that the challenged offenses constitute the "same offense," the defendant has the burden to show a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense. *Id.* "The possibility must be reasonable, not speculative or remote." *Griffin v. State,* 717 N.E.2d 73, 89 (Ind. 1999).

### Issue One: Robbery and Theft

Ho first contends that his convictions for robbery and theft constitute the same offense under the two tests set out in *Richardson.* We address each test in turn.

■■■ Under the statutory elements test, we identify the essential elements of each charged offense and determine whether the elements of one of those offenses could, hypothetically, be established by evidence that does not establish the essential elements of the other charged offense. Indiana Code Section 35–42–5–1 provides that a person who, while armed with a deadly weapon, knowingly or intentionally takes property from another person by using or threatening the use of force or by putting any person in fear, commits robbery as a Class B felony. In Count V, Ho was charged as follows: "[Thy Ho], on or about September 25, 1998, did knowingly, while armed with a deadly weapon, that is: a handgun, take from the person or presence of Thoa Kim Dinh property, that is: jewelry, by putting Thoa Kim Dinh in fear or by using or threatening the use of force on Thoa Kim Dinh." Thus, the essential elements comprising the charged offense of robbery are: (1) Ho (2) while armed with a deadly weapon (3) knowingly or intentionally (4) took jewelry from (5) Dinh (6) by putting Dinh in fear or by using or threatening the use of force.

The second offense, theft, as a Class D felony, is defined by Indiana Code Section 35–43–4–2. That statute states that a person who knowingly or intentionally exerts unauthorized control over the property of another person, with intent to deprive the other person of any part of its value or use, commits theft, a Class D felony. IND. CODE § 35–43–4–2. The charging instrument for Count VI alleged: "[Thy Ho], on or about September 25, 1998, did knowing-

ly exert unauthorized control over the property, that is: United States currency and jewelry, of Thong Nguyen and Thoa Kim Dinh, with intent to deprive Thong Nguyen and Thoa Kim Dinh of any part of the value or use of said property." The essential elements of the Class D felony theft charge are: (1) Ho (2) knowingly or intentionally (3) exerted unauthorized control over (4) the United States currency and jewelry of (5) Thong Nguyen and Dinh (6) with intent to deprive Thong Nguyen and Dinh of any part of the value or use of that property.

█ Having determined the essential elements comprising each offense, we compare the two offenses. "Each offense must contain at least one element which is separate and distinct from the other offense so that the same evidence is not necessary to convict for both offenses." *Richardson*, 717 N.E.2d at 52. Here, the State concedes that to the extent that Ho was convicted of both robbery and theft of the jewelry, the theft conviction should have merged with the robbery conviction. *See Mitchell v. State*, 690 N.E.2d 1200, 1209 (Ind.Ct.App.1998), *trans. denied* ("Theft does not contain an element which is not contained in the Robbery statute."). However, the State correctly notes that the theft offense also included additional property, United States currency, and an additional victim, Thong Nguyen. The robbery conviction was for taking the jewelry from victim Dinh. The theft conviction was for taking the United States currency from victim Thong Nguyen. In other words, the same evidence was not required to support a conviction for both offenses. A defendant is not twice placed in jeopardy for the "same offense" if he is convicted and sentenced for both robbery and theft and the identities of the victims of the robbery and theft are different. *See, e.g., Reaves v. State*, 586 N.E.2d 847,

851 (Ind.1992) (holding defendant could be sentenced for both felony-murder and robbery where identities of the victims of the murder and robbery are different; in this case both victims were robbed, only one murdered). We find no double jeopardy violation under the statutory elements test.

█ Similarly, we find no double jeopardy violation under the actual evidence test. The actual evidence presented at trial indicated that, in addition to robbing Dinh of her jewelry, Ho committed theft against Thong Nguyen when he took Nguyen's currency. Because the trier of fact, the trial judge, was presented with independent evidence to support a conviction on each offense, we find no reasonable possibility that the evidentiary facts used by the trial judge to establish the essential elements of robbery were also used to establish the essential elements of theft.[2] Any such possibility would be speculative and remote. *See Griffin*, 717 N.E.2d at 89. Ho has not met his burden to establish an Indiana double jeopardy violation based on these convictions.

### Issue Two: Robbery and Carrying a Handgun Without a License

█ We next address Ho's contention that his convictions for robbery and carrying a handgun without a license violate double jeopardy. Ho concedes that the two offenses are not the same offense under the statutory elements test. Brief of Appellant at 9. Thus, we turn to the actual evidence test to determine whether in this case these two offenses constitute the same offense.

█ To prove the offense of robbery, as a Class B felony, the State presented evidence that Ho robbed Dinh while armed with a deadly weapon. That deadly weapon was a handgun. In addition, Ho failed to present evidence that he had a license

---

**2.** Where, as here, a case is tried before the bench and not a jury, we presume that the trial judge is aware of and knows the law, and considers only that evidence properly before

her in reaching a decision. *Emerson v. State*, 695 N.E.2d 912, 917 (Ind.1998); *Birdsong v. State*, 685 N.E.2d 42, 47 (Ind.1997).

to carry the handgun. Indiana Code Section 35–47–2–4 places the burden on the defendant to prove he has a license or was exempt from the statute. *Harris v. State*, 716 N.E.2d 406, 411 (Ind.1999). Once the State proves that the defendant carried a handgun on or about his person, away from his dwelling or business, the burden shifts to the defendant to establish that he possessed a valid license. *Id.*

In this case, distinct evidentiary facts were used to prove that Ho committed robbery while armed with a handgun, while a lack of evidentiary facts was used to prove that Ho did not have a license to carry that handgun. Ho has failed to demonstrate a reasonable possibility that the same evidentiary facts may have been used to establish the essential elements of each challenged offense. Ho's convictions for robbery and carrying a handgun without a license are not the same offense under Indiana's Double Jeopardy Clause.

### Issue Three: Robbery and Criminal Confinement

 Finally, Ho asserts that his convictions for robbery and criminal confinement violate double jeopardy. Ho does not contend that the offenses are the same offense under the statutory elements test but again focuses his argument on the actual evidence test. Ho has failed to demonstrate a double jeopardy violation.

In addition to the evidence presented that Ho robbed Dinh at gunpoint, the evidence showed that Ho's accomplice grabbed Dinh around the neck to prevent her from escaping through the kitchen door. The accomplice held Dinh by the neck and Ho held on to her arm as the two men led Dinh to an upstairs bedroom. Ho pointed the gun at Dinh as the two men briefly detained her in the bedroom. Ho then permitted Dinh to leave the bedroom and soothe her son in the bathroom, while still watching her with the gun. Thereafter, Ho ordered Dinh and her son to return to the bedroom and lie on the floor. Ho pointed the gun at Dinh's head as his accomplice looked for money and jewelry.

On this record, Ho has failed to demonstrate a reasonable possibility that the same evidentiary facts may have been used to establish the essential elements of both robbery and confinement. Our supreme court has recently reiterated that principles of double jeopardy do not prohibit convictions of confinement and robbery when the facts indicate that the confinement was more extensive than that necessary to commit the robbery. *Harris*, 716 N.E.2d at 412; *see also Brown v. State*, 671 N.E.2d 401, 410 (Ind.1996). Here, Dinh was initially confined when she tried to escape through the kitchen and the accomplice grabbed her around the neck. Dinh was again confined as the men led her upstairs at gunpoint, she was confined in her bedroom, she was briefly allowed to console her son, and then she was confined as the accomplice looked for money and jewelry. We agree with the State that the evidence shows that the confinement of Dinh was more extensive than that necessary to commit the robbery. Ho's convictions of robbery and criminal confinement do not violate the Indiana Double Jeopardy Clause.

Affirmed.

ROBB, J., and BROOK, J., concur.