**Darrell SKAGGS, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A02–0011–CR–703.**

Court of Appeals of Indiana.

June 25, 2001.

Rehearing Denied August 29, 2001.

---

Scott C. Campbell, Campbell & Hendren, L.L.P., Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Thomas D. Perkins, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

FRIEDLANDER, Judge.

Darrell Skaggs appeals his conviction of Criminal Recklessness,[1] a class D felony and Carrying a Handgun Without a License,[2] a class A misdemeanor. Skaggs presents the following restated issues for review:

1. Was the evidence sufficient to support the conviction of criminal recklessness?

2. Was the evidence sufficient to support the conviction of carrying a handgun without a license?

3. Do the convictions of carrying a handgun without a license and crimi-

1. Ind.Code Ann. § 35–42–2–2(c) (West 1998).  2. Ind.Code Ann. § 35–47–2–1 (West 1998).

nal recklessness violate double jeopardy principles?

We affirm.

The facts favorable to the convictions are that on January 30, 2000, David Jones and his girlfriend, Tuesday Lane, were watching videos with Tina Baker at Baker's home. Skaggs arrived at Baker's home late in the evening and went upstairs with Baker. Jones heard Skaggs and Baker arguing and he went upstairs to investigate. Jones asked Skaggs to leave. The confrontation continued for a short time, then Skaggs left. Skaggs soon returned, however, and he and Lane briefly scuffled at the front door. At that location, Skaggs produced a silver .380 caliber handgun and fired two shots, at least one of which was aimed at Jones. No one in the house was struck by the shots. Police investigating the shooting shortly thereafter discovered one bullet that had been fired, two spent shell casings, and bullet holes in a couch and a wall. Skaggs was charged and convicted as set out above following a bench trial.

### 1. & 2.

Skaggs contends that the evidence was insufficient to support the convictions of criminal recklessness and carrying a handgun without a license.

When considering a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor assess witness credibility. *Albrecht v. State,* 737 N.E.2d 719 (Ind.2000). Rather, considering only the evidence and reasonable inference to be drawn therefrom that support the conviction, we will affirm if there is probative evidence from which a reasonable factfinder could have found the defendant guilty beyond a reasonable doubt. *Id.*

Although not framed in such terms, Skaggs's respective challenges to the evidence supporting each conviction are virtually the same. They center upon Jones's credibility, the circumstantial nature of the evidence, and the reasonableness of the inferences to be drawn therefrom. Specifically, he notes that (1) no gun was ever recovered; (2) Jones, the only eyewitness who testified at trial, could not positively identify the gun Skaggs fired; (3) there was no expert testimony explicitly stating that the casings and bullet were fired from a handgun; (4) there were no fingerprints linking Skaggs to the scene of the shooting; (5) except for Jones, no other witness testified against Skaggs; (6) Jones had an opportunity to manufacture the physical evidence because the bullet and two casings were retrieved by police after Jones admittedly placed them on a TV stand; (7) Jones waited until five hours after the shooting occurred before he called police; and (8) Jones had a motive to testify falsely against Skaggs.

With respect to reasons (6) through (8), Skaggs asks this court to assess Jones's credibility by examining both Jones's motivations for testifying falsely, as well as circumstances that might suggest he did just that. We reiterate that our well-established constraints upon reviewing the sufficiency of the evidence prevent us from engaging in the sort of scrutiny and analysis that Skaggs urges us to undertake. *See Albrecht v. State,* 737 N.E.2d 719. We must decline the invitation to determine anew whether Jones was a credible witness.

Jones testified that he saw Skaggs carrying a handgun, and Skaggs failed to present evidence that he possessed a valid license to carry a weapon. This was sufficient to establish the elements of carrying a handgun without a license. *See Williams v. State,* 700 N.E.2d 784 (Ind. 1998). It was not necessary for the State to introduce the handgun in order to obtain a conviction for carrying a handgun

without a license. *See Wilson v. State,* 330 N.E.2d 356, 164 Ind.App. 665 (1975).

Jones's testimony that Skaggs was the initial aggressor in the incident that culminated in Skaggs firing shots from a handgun in Jones's direction was also sufficient to establish all of the elements of the offense of criminal recklessness. *See Upp v. State,* 473 N.E.2d 1030 (Ind.Ct.App. 1985). The evidence was sufficient to support both convictions.

### 3.

■ Skaggs contends that his convictions of both carrying a handgun without a license and criminal recklessness violate Indiana double jeopardy principles.

Our supreme court recently set forth the test for determining whether multiple convictions violate the double jeopardy clause in the Indiana Constitution. The court explained:

> [T]wo or more offenses are the "same offense" in violation of Article I, Section 14 of the Indiana Constitution, if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense. Both of these considerations, the statutory elements test and the actual evidence test, are components of the double jeopardy "same offense" analysis under the Indiana Constitution.

*Richardson v. State,* 717 N.E.2d 32, 49–50 (Ind.1999).

Recently, our supreme court addressed a question similar to that presented here by Skaggs. In *Mickens v. State,* 742 N.E.2d 927 (Ind.2001), the defendant approached the victim on foot while carrying a handgun, and then shot the victim to death with the gun. The defendant was convicted of both murder and carrying a handgun without a license as a result of the incident. The defendant appealed, arguing that his convictions failed the second test set forth in *Richardson.* That is, he argued that the same evidence was used to convict him of both charges. The supreme court rejected this argument, noting that the evidence demonstrated both that the defendant shot the victim to death, and that he carried the handgun as he approached the victim. In affirming the convictions, our supreme court stated:

> This claim resembles the one in *Ho v. State,* 725 N.E.2d 988 (Ind.Ct.App.2000). There, the Court of Appeals confronted a double jeopardy claim arising from a defendant's convictions for robbery and carrying a handgun without a license. Like Mickens, Ho did not present evidence that he had a license for the handgun that he used to commit robbery. The court concluded that "distinct evidentiary facts were used to prove that Ho committed robbery while armed with a handgun, while a lack of evidentiary facts was used to prove that Ho did not have a license to carry that handgun." *Ho,* 725 N.E.2d at 993. Consequently, the court held that Ho unsuccessfully demonstrated "a reasonable probability that the same evidentiary facts may have been used to establish the essential elements of each challenged offense." *Id.*

> This seems about right. Carrying the gun along the street was one crime and using it was another. The *Richardson* actual evidence test is not met, and we reject Mickens' double jeopardy claim.

*Mickens v. State,* 742 N.E.2d at 931.

The record reflects that, after leaving for a period of time, Skaggs arrived back at Baker's home armed with a handgun. Jones saw the gun in Skaggs's hand after Skaggs and Lane argued at the front

door.[3] After producing the weapon, Skaggs proceeded to fire it at least once in Jones's direction. This evidence demonstrates that Skaggs carried the weapon on his person in a place that was neither his dwelling nor on his property or fixed place of business. At trial, Skaggs failed to produce a license to carry the gun. Therefore, as was the case with the defendant in *Mickens,* Skaggs has not successfully demonstrated a reasonable probability that the same evidentiary facts may have been used to establish the essential elements of criminal recklessness and carrying a handgun without a license. The convictions do not run afoul of the double jeopardy prohibition contained in the Indiana Constitution.

Judgment affirmed.

RILEY, J., concurring in result with separate opinion.

SULLIVAN, J., concurring in part and dissenting in part with separate opinion.

RILEY, Judge, concurring in result.

I concur in result. *Mickens v. State,* 742 N.E.2d 927 (Ind.2001) and *Ho v. State,* 725 N.E.2d 988 (Ind.Ct.App.2000) seem to have carved out an exception in the case law as to the charge of carrying a handgun without a license. In most circumstances, carrying a handgun will be seen as a separate offense by simply showing that the defendant did not have a license, even though that same handgun was an essential element of another charged crime. However, *Richardson v. State,* 717 N.E.2d 32 (Ind.1999) tells us that the specific evidence of each case must be examined.

Skaggs carried the handgun to Baker's home which was one crime, carrying a handgun without a license. He then fired two shots, at least one of which was at Jones. This was sufficient evidence of criminal recklessness. Double jeopardy protections were not violated by Skaggs' convictions of both criminal recklessness and carrying a handgun without a license.

SULLIVAN, Judge, concurring in part and dissenting in part.

I fully concur with respect to Parts 1 and 2. I respectfully dissent, however, with regard to Part 3.

In *Mickens v. State,* 742 N.E.2d 927 (Ind.2001) our Supreme Court, as did this court in *Ho v. State,* 725 N.E.2d 988 (Ind.Ct.App.2000), focused upon the burden of a defendant to prove the existence of a license to carry a handgun in distinguishing that element from the elements necessary to prove the unlawful use of the handgun. From this conclusion, both courts then reached the arguably debatable further conclusion that the trier of fact, therefore, could not have reasonably used the evidence necessary for the proof of an essential element of one of the offenses as proof of an essential element of the other offense.

In the case before us, the carrying of the handgun and its use to fire the shots were inextricably intertwined. I find it not only

---

3. At trial, Jones did not offer any testimony on the subject of whether, and when, he saw the gun. Rather, he testified that he saw flashes from the gun when it fired. Officer Christopher Cavanaugh responded to Jones's call for police on the day of the shooting. The record reflects that Officer Cavanaugh was permitted to testify, without objection, as follows:

[Jones] said that the suspect left the residence and a short time later came back to the residence, knocked on the door, was allowed in the front door and some words ensued and at this time the suspect had pulled out a weapon. He stated he believed it was a silver weapon, he believed to be a .380 and fired a couple rounds in his direction.
*Record* at 68.

reasonably possible but very probable that the trial court utilized the same evidence to reach its conclusion with respect to the "carrying" element of the handgun offense and also with respect to the "reckless" use of the weapon. The dual convictions here run afoul of *Richardson v. State,* 717 N.E.2d 32 (Ind.1999). *See Trotter v. State,* 733 N.E.2d 527 (Ind.Ct.App.2000).

Even were it otherwise, and we were to apply the common law of Indiana, the two convictions may not stand. Multiple convictions must be "supported by facts that were 'independently supportable, separate and distinct.'" *Griffin v. State,* 717 N.E.2d 73, 90 (Ind.1999) (Boehm, J., concurring in result) (quoting *Thompson v. State,* 259 Ind. 587, 592, 290 N.E.2d 724, 727 (1972)). In this case the convictions are not so supported.

I would affirm the Class D felony conviction but would vacate the Class A misdemeanor conviction.