863 So.2d 484 (2004)
Luis HERNANDEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-1489.
District Court of Appeal of Florida, Fourth District.
January 21, 2004.
*485 Jose R. Iglesia of Jose R. Iglesia, P.A., Coral Gables, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and David M. Schultz, Assistant Attorney General, West Palm Beach, for appellee.
GROSS, J.
Luis Hernandez appeals his convictions of possession of cocaine between twenty-eight and 200 grams, possession of LSD, and possession of cannabis in excess of twenty grams.
The police discovered the drugs during the search of an apartment rented by Hernandez's girlfriend, Eveyette Swaskee. Holding a valid search warrant, the police broke in through the front door of the apartment. Hernandez argues that the police violated the Florida and Federal Constitutions and section 933.09, Florida Statutes (1999). We find no error in the trial court's denial of the motion to suppress.
Section 933.09 provides:
The officer may break open any outer door, inner door or window of a house, or any part of a house or anything therein, to execute the warrant, if after due notice of the officer's authority and purpose he or she is refused admittance to said house or access to anything therein.
Approximately twelve police officers arrived at the residence with a search warrant. Detective Richard Friedman knocked hard on the front door three or four times. He yelled that it was the police and that they had a search warrant. Friedman waited about five seconds and detected no response. He heard footsteps inside the residence. Friedman banged on the door again, announced that it was the police with a search warrant, and again received no response. At that point, the officers began their attempt to enter, using a sledge hammer on the steel front door. The consensus of the state's testimony was that about fifteen seconds transpired between the officers' first announcement of their presence and the time they began to *486 ram the door. It took at least five minutes to pry the door open.
We find no constitutional or statutory violation. Recently, the United States Supreme Court unanimously held that a fifteen to twenty second wait before forcible entry satisfied both the Fourth Amendment and 18 U.S.C. § 3109, which is almost identical to section 933.09. See United States v. Banks, ___ U.S. ___, 124 S.Ct. 521, 157 L.Ed.2d 343 (2003).
A second issue concerns the admission into evidence of an unopened letter addressed to Hernandez that was taken from the bedroom during the search. The letter contained some paperwork from Memorial Health Care System. The envelope was addressed to Luis Hernandez at the apartment which was the subject of the search warrant.
Defense counsel objected to the admission of the envelope, arguing that it was inadmissible hearsayan out-of-court statement of the person who addressed the letter, offered to prove that the appellant lived at the residence where drugs were found. The trial court overruled this objection, and the letter was admitted into evidence.
The trial court's ruling was correct. The name and address on the envelope did not fall within the statutory definition of hearsay.
Part of the definition of hearsay is that it is a "statement ... offered in evidence to prove the truth of the matter asserted." § 90.801(1)(c), Fla. Stat. (2001). The evidence code defines a statement as "[a]n oral or written assertion" or "[n]onverbal conduct of a person if it is intended by the person as an assertion." § 90.801(1)(a)1., 2. Appellant's name and address printed on an envelope was not an assertion, nor was the placement of the name and address on the envelope nonverbal conduct intended as an assertion. See United States v. Singer, 687 F.2d 1135, 1147 (8th Cir.1982); Bernadyn v. State, 152 Md.App. 255, 831 A.2d 532, 537-39 (2003) (holding that medical bill mailed to defendant at particular address was admissible non-hearsay). The writing of the name and address was not intended to "communicate [the] thought, idea, or fact" that Hernandez lived at the address. CHARLES W. EHRHARDT, FLORIDA EVIDENCE § 801.2, at 672 (2002 ed.).
As one court has observed, "[f]rom the sender's conduct in writing or affixing the name and address and mailing the material so addressed ... it may be inferred that the sender believes the person named lives at that address." State v. Peek, 89 N.C.App. 123, 365 S.E.2d 320, 322 (1988). Conduct, such as placing an address on an envelope, "offered as evidence that the person acted as he did because of his belief in the existence of the condition sought to be proved" is not a statement that falls within the hearsay rule. 6C Fla. Stat. Ann. 293, Law Revision Council Note 1976 (1999) (quoting Advisory Committee Note to Proposed Federal Rule of Evidence 801). The drafters of the code excluded such implied assertions from the definition of hearsay because the likelihood of fabrication was less than that associated with assertive verbal conduct and the danger of the unreliability of the evidence, so "minimal in the absence of an intent to assert," did not "justify the loss of the evidence on hearsay grounds." Id.
It is also significant that the envelope was offered not to prove "the truth of the matter asserted" under section 90.801(1)(c), but as circumstantial evidence that Hernandez stored his property, including his correspondence, in the bedroom. The presence of the envelope in the bedroom tended to prove that appellant controlled the room, and that the contraband found there belonged to him. See *487 United States v. Hazeltine, 444 F.2d 1382, 1384 (10th Cir.1971) (holding that envelope bearing inmate's name and address was not hearsay, and was admissible to establish that cell and locker in which heroin was seized were controlled by the inmate); People v. Hester, 87 Ill.App.3d 50, 42 Ill. Dec. 611, 409 N.E.2d 106, 109 (1980) (stating that letters addressed to defendants properly admitted to "the question of the defendants' presence at and control over the apartment to which the letters were addressed"); State v. McCurry, 582 S.W.2d 733, 734 (Mo.Ct.App.1979) (concluding that telephone bill properly admitted in evidence because it was a personal effect of defendant, showing his connection to a bedroom where contraband was found); Shurbaji v. Commonwealth, 18 Va. App. 415, 444 S.E.2d 549, 551 (1994) (finding that utility bills addressed to defendant and found in master bedroom along with cocaine were not hearsay).
AFFIRMED.
FARMER, C.J., and TAYLOR, J., concur.