Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before
any court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the
case.



FILED

Jul 03 2014, 8:45 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**THOMAS C. ALLEN**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| WILLIAM H. ROYAL, II, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A05-1311-CR-584 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Frances C. Gull, Judge
Cause No. 02D04-1307-FB-125

**July 3, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SHARPNACK, Senior Judge**

## STATEMENT OF THE CASE

William H. Royal, II, appeals his convictions for robbery resulting in bodily injury, a Class B felony, Ind. Code § 35-42-5-1 (1984); theft, a Class D felony, Ind. Code § 35-43-4-2 (2009); and battery resulting in bodily injury, a Class A misdemeanor, Ind. Code § 35-42-2-1 (2012). He also appeals the jury's determination that he is a habitual offender. Ind. Code § 35-50-2-8 (2005). Finally, he challenges the aggregate sentence imposed by the trial court. We affirm in part, reverse in part, and remand.

## FACTS AND PROCEDURAL HISTORY

On the evening of June 28, 2013, Kenneth Bright visited his cousin, Royal, at Royal's home in Fort Wayne. Several other people arrived, including Royal's brother, Lance. They played cards for money and also played videogames. Later, Bright sat in the kitchen and played with his phone, an HTC brand, while others played dice. He had around $950 in cash and his phone charger with him that night.

Bright left to use the restroom, and when he returned to the kitchen, only Lance and Royal were present. Lance pulled out a handgun and told Bright to turn over his money. In addition, Lance accused Bright of calling the police on Royal three years before. Next, Royal hit Bright in the face, causing abrasions, swelling, and bleeding. Lance knocked Bright to the ground and struck him, bruising his torso. Lance also pointed the gun at Bright's face and ordered Royal to remove Bright's clothes. Bright quit struggling because he was afraid. When he was naked, Royal laughed at him. Royal and Lance's sister, Chantel, came into the kitchen, saw the robbery, and fled.

2

Bright gathered his clothes, got partially dressed, and was next ordered outside, where he finished dressing. Lance went outside with the gun and gave Bright $10. Bright complained, so Lance went back inside and returned with $50 and Bright's phone. Bright walked away and tried to call the police, but the battery had been removed from his phone. He ran home and contacted the police from there.

The police arrested Royal at home and found $225 on his person. Another officer found Lance driving around, stopped him, and arrested him. The officer found $624 and an HTC cell phone battery on Lance. The officer also found two cell phones in Lance's possession. Neither phone was an HTC model, and they both already had batteries.

A detective interviewed Royal in jail. Royal claimed that Bright had not been at his home that night and that he had not seen him since 2010. An officer took photos inside of Royal's home after his arrest, and one of the photos of the kitchen showed a phone charger that Bright identified as his.

The State charged Royal with robbery resulting in bodily injury, theft, battery resulting in bodily injury, and being a habitual offender. During the pendency of the case, Royal and Lance contacted family members and asked them to pressure Bright to stop cooperating with the State. The jury determined that Royal was guilty as charged. The court sentenced him to an aggregate term of fifty years, and this appeal followed.

<u>ISSUES</u>

Royal raises three issues, which we restate as:

I.      Whether the evidence is sufficient to sustain his convictions.

3

II. Whether his convictions violate the Indiana Constitution's Double Jeopardy Clause.

III. Whether his sentence is inappropriate in light of the nature of the offenses and his character.

DISCUSSION AND DECISION

I. SUFFICIENCY OF THE EVIDENCE

When reviewing a challenge to the sufficiency of the evidence underlying a conviction, we neither reweigh the evidence nor assess the credibility of witnesses. *Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012). The evidence and all reasonable inferences drawn from it are viewed in a light most favorable to the judgment. *Id.* We affirm if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id.*

The State alleged that Royal was guilty of robbery and theft as an accessory. A person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense. Ind. Code § 35-41-2-4 (1977). A jury may infer complicity in a crime from the defendant's failure to oppose the crime, companionship with the one engaged in the offenses, and his or her course of conduct before, during, and after the offenses. *Hauk v. State*, 729 N.E.2d 994, 998 (Ind. 2000).

Royal challenges his convictions for robbery resulting in bodily injury, theft, and battery resulting in bodily injury. Rather than argue that the State failed to prove the elements of each offense, he claims that the evidence as a whole shows that Bright was angry at him due to a past dispute and fabricated the entire incident to get him in trouble.

4

Royal points to testimony by his witnesses that Bright was not at Royal's home on the evening in question and claims that Bright's testimony was irreconcilably inconsistent.

Viewing the facts in the light most favorable to the judgment, Bright testified unequivocally that his cousins, Royal and Lance, ambushed him at gunpoint when he came out of the bathroom, that Royal struck him, resulting in pain, bleeding, and swelling, that Lance pushed him to the floor and Royal stripped him naked, that they took approximately $950 in cash from him, that Lance took the battery from his phone in the course of sending him away from Royal's house, and that Lance and Royal later asked family members to pressure him not to cooperate with the State.

The evidence also shows that when the police arrested Lance, he had a phone battery whose brand matched that of Bright's phone. Both Lance and Royal had currency on their persons when they were arrested, that, when added together, substantially accounted for Bright's missing $950. Finally, Royal told the police that he had not seen Bright for three years, but Bright's cell phone charger was found in his kitchen.

Regarding accomplice liability for robbery and theft, Royal did not oppose the crimes, followed Lance's orders, assisted in taking Bright's money, and lied to police about Bright being present at his house. The evidence as a whole is thus sufficient to sustain Royal's convictions for robbery resulting in bodily injury, theft, and battery resulting in bodily injury.[1] Reconciling any inconsistencies in Bright's testimony and weighing his motive to lie were tasks for the jury. *See Grinstead v. State*, 684 N.E.2d

[1] Royal also challenges the sufficiency of the evidence supporting his habitual offender determination. However, he concedes that if the evidence is sufficient to sustain his robbery and theft convictions, then there is also sufficient evidence to sustain the habitual offender enhancement. Appellant's Br. p. 17. We thus do not need to address this point.

5

482, 487 (Ind. 1997) (weighing an accomplice's testimony about defendant's participation in crimes was a matter for the finder of fact).

## II. INDIANA DOUBLE JEOPARDY CLAUSE

Double jeopardy claims under the Indiana Constitution are evaluated utilizing a two part test, pursuant to which multiple offenses are considered the same offense in violation of article 1, section 14, "if, with respect to *either* the statutory elements of the challenged crimes *or* the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense." *Richardson v. State*, 717 N.E.2d 32, 49 (Ind. 1999) (emphasis in original).

Royal's constitutional challenge is directed to the actual evidence test. To prevail under this test, he must demonstrate that there is a reasonable possibility that the evidentiary facts used by the jury to establish all of the essential elements of one of his offenses may also have been used to establish all of the essential elements of the other offense. *Hampton v. State*, 719 N.E.2d 803, 809 (Ind. 1999). A reasonable possibility that the jury used the same facts to reach two convictions requires substantially more than a logical possibility. *Garrett v. State*, 992 N.E.2d 710, 719 (Ind. 2013). We evaluate the evidence from the jury's perspective and may consider the charging information, jury instructions, and arguments of counsel. *Id.* at 720.

### A. Robbery Resulting in Bodily Injury and Theft

The charging information alleged, with respect to the robbery charge:

On or about the 29th day of June, 2013, in the County of Allen and in the State of Indiana, said defendant, William H. Royal, II, while acting in concert with Lance Royal, Jr., did knowingly or intentionally take property,

6

to wit: United States Currency; from the person or presence of another person, to wit: Kenneth Bright, by using or threatening the use of force or by putting said Kenneth Bright in fear, said act resulting in bodily injury to Kenneth Bright, to wit: physical pain and/or visible injury, being contrary to the form of the statute in such case made and provided.

Appellant's App. p. 14.

The charging information further alleged that Royal committed theft, as follows:

On or about the 29th day of June, 2013, in the County of Allen and in the State of Indiana, said defendant, William H. Royal, II, while acting in concert with Lance Royal, Jr., did knowingly or intentionally exert unauthorized control over the property of Kenneth Bright, with intent to deprive Kenneth Bright of any part of the value or use of said property, being contrary to the form of the statute in such case made and provided.

*Id.* at 16. Thus, the theft charge does not specify that United States currency was the property at issue.

Next, the jury instructions defining the offenses of robbery and theft did not specify the property involved in each crime. However, during closing arguments the prosecutor described the property that was the subject of each charge. With respect to the robbery charge, the prosecutor told the jury:

The Defendant and Lance knowingly took property from Kenneth Bright. Is there any doubt that his property was taken in a knowingly or intentionally [sic] manner? He didn't leave property behind and they just happened to just say, "Hey, let's not return it." It was forcibly removed from his property, from his person. His money was in his pocket when his pockets were—his clothes were taken off of him.

Tr. p. 286. As for the theft charge, the prosecutor explained:

They exerted unauthorized control over his property with the intent that he wouldn't be able to have that property, you heard that. His charger, you saw that picture. His cell phone battery was taken from him and why? What was the intent? The intent was so he could not call for help, because when he got that cell phone back and he tried to call for help, he couldn't

7

even turn the darn thing on, the battery was gone. You see that charger right there, that's his charger, he identified that for you.

*Id.* at 288. Thus, the State identified for the jury different items of property to support each offense. Royal has failed to demonstrate a reasonable possibility that the same property was used to establish the essential elements of robbery and theft. *See Thy Ho v. State*, 725 N.E.2d 988, 992 (Ind. Ct. App. 2000) (no violation of the actual evidence test where State cited to different items of property to support robbery and theft convictions).

B. Robbery Resulting in Bodily Injury and Battery Resulting in Bodily Injury

The robbery charge is set forth above. The charging information alleged that Royal had committed battery as follows:

On or about the 29th day of June, 2013, in the County of Allen and in the State of Indiana, said defendant, William H. Royal, II, did knowingly or intentionally touch Kenneth Bright in a rude, insolent, or angry manner, resulting in bodily injury, to wit: physical pain and/or visible injury, being contrary to the form of the statute in such case made and provided.

Appellant's App. p. 18. Thus, the robbery charge and the battery charge both alleged that Bright had suffered physical pain and/or visible injury. Similarly, the trial court's jury instructions did not differentiate between types of injury when describing the elements of robbery and battery. *Id.* at 96, 98. Finally, reviewing the State's arguments to the jury, it appears that the State cited the injuries that Bright received during the robbery as supporting both the robbery and battery charges. We thus conclude there is a reasonable possibility that the jury used the same evidence—Royal's punch to Bright's face—to convict him of robbery resulting in bodily injury and battery resulting in bodily injury. Royal's conviction for battery thus violates the actual evidence test. *See Mendenhall v.*

8

*State*, 963 N.E.2d 553, 572 (Ind. Ct. App. 2012) (actual evidence test was violated where the same injury supported a robbery conviction and a battery conviction), *trans. denied*.

When two convictions violate double jeopardy principles, we may remedy the violation by reducing either conviction to a less serious form of the same offense if doing so will eliminate the violation. *Id.* In this case, reducing Royal's battery conviction to a Class B misdemeanor will eliminate the double jeopardy violation because the element of bodily injury will no longer be an issue. *See* Ind. Code § 35-42-2-1. We remand with instructions to reduce Royal's battery conviction to a Class B misdemeanor and to resentence him on that conviction accordingly.

### III. APPROPRIATENESS OF SENTENCE

Royal argues that his sentence should be reduced.[2] Article 7, section 4 of the Indiana Constitution authorizes independent appellate review of sentences. *Rice v. State*, 6 N.E.3d 940, 946 (Ind. 2014). This review is implemented through Indiana Appellate Rule 7(B), which states that we may revise a sentence, even if authorized by statute, if "after due consideration of the trial court's decision," the sentence is inappropriate "in light of the nature of the offense or the character of the offender." A defendant must persuade the appellate court that his or her sentence has met the inappropriateness standard of review. *Rice*, 6 N.E.3d at 946.

We first consider the sentences. At the time Royal committed his offenses, the maximum sentence for a Class B felony was twenty years, the minimum sentence was six

---

[2] Our determination that the trial court must reduce Royal's battery conviction to a Class B misdemeanor and resentence him on that conviction does not affect our sentencing analysis because the trial court ordered that he would serve his sentence for battery concurrently with his sentence for robbery.

years, and the advisory sentence was ten years. Ind. Code § 35-50-2-5 (2005). The trial court imposed a maximum sentence of twenty years upon Royal's conviction for B felony robbery resulting in bodily injury.

At the time Royal committed the offense of D felony theft, the maximum sentence for a D felony was three years, the minimum sentence was six months, and the advisory sentence was one and a half years. Ind. Code § 35-50-2-7 (2005). The trial court imposed the maximum sentence of three years, to be served concurrently with the robbery sentence.

Finally, when a defendant is found to be a habitual offender, the court may sentence the defendant to an additional fixed term that is not less than the advisory sentence for the underlying offense nor more than three (3) times the advisory sentence for the underlying offense, not to exceed thirty years. Ind. Code § 35-50-2-8(h). The trial court attached the habitual offender determination to the robbery conviction and imposed the maximum sentence of thirty years, for an aggregate term of fifty years.

Next, we consider the nature of the offenses. Royal and Lance ambushed Bright, their cousin, at gunpoint and demanded his money. They struck him, causing injuries to his face and ribs. In addition, Royal stripped Bright naked and laughed at him. Royal's actions were not necessary to accomplish the robbery and their only purpose was to humiliate Bright.

Royal and Lance allowed Bright to partially dress before forcing him outside, where he finished getting dressed. Furthermore, Lance or Royal removed the battery from Bright's phone, making it more difficult for him to summon help. Bright told a

detective he was "angry that his family members would rob him." Tr. p. 211. Later, Royal and Lance asked other family members to contact Bright to urge him not to cooperate with the State.

Turning to Royal's character, he was twenty-eight years old at sentencing. As a juvenile, he committed acts that would have constituted battery and escape if they had been committed by an adult. As an adult, he committed five misdemeanors and four felonies, including multiple charges of possessing a handgun without a license and resisting law enforcement. Thus, he continues to participate in crimes of violence and acts of misconduct with firearms. Furthermore, Royal has violated terms of probation and parole in the past, and he was on probation when he committed the current offenses.

Royal argues that his sentence is inappropriate because he "is not the worst of the worst," noting that he was employed when he committed his crimes. Appellant's Br. p. 25. Royal did not receive the maximum possible sentence, as he is serving his sentences for theft and battery concurrently with his sentence for robbery. In any event, Royal's employment, which was no doubt a condition of his probation, fails to offset the callousness of his crimes. Royal punched his cousin, stripped off his clothes to get his money, and laughed at him during the assault. In addition, lesser sentences and opportunities for probation have not deterred Royal. To the contrary, his current convictions indicate that he is escalating his criminal conduct. Royal has not met his burden of proving that his fifty-year sentence is inappropriate.

## CONCLUSION

For the reasons stated above, we affirm the trial court's judgment in part, reverse it in part, and remand with instructions to reduce Royal's battery conviction to a Class B misdemeanor and to impose a new sentence for that offense.

Affirmed in part, reversed in part, and remanded.

VAIDIK, C.J., and BAKER, J., concur.