# FOR PUBLICATION



**FILED**

Aug 26 2014, 9:47 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ANTHONY S. CHURCHWARD**
Leonard, Hammond, Thoma & Terrill
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

| | |
|---|---|
| LAMONT CARPENTER, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 02A05-1309-CR-467 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Wendy W. Davis, Judge
Cause No. 02D06-1302-FA-2

**August 26, 2014**

**OPINION - FOR PUBLICATION**

**MAY, Judge**

Lamont Carpenter appeals his convictions of five counts of Class A felony dealing in cocaine;[1] and one count each of Class B felony unlawful possession of a firearm by a serious violent felon ("SVF"),[2] Class C felony possession of a handgun with altered identifying marks,[3] and Class D felony possession of marijuana.[4]  He presents multiple issues for our review, which we consolidate and restate as:

1.  Whether the trial court properly bifurcated Carpenter's trial on the charge of unlawful possession of a firearm by an SVF;

2.  Whether the trial court abused its discretion by overruling Carpenter's hearsay objection to State's Exhibit 17, which contained multiple pieces of mail; and

3.  Whether Carpenter's simultaneous convictions of unlawful possession of a firearm by an SVF and possession of a handgun with altered identifying marks exposed him to double jeopardy.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On January 29, 2013, detectives from the Fort Wayne Police Department ("FWPD") searched Carpenter's apartment pursuant to a valid search warrant issued on the basis that Carpenter sold cocaine to a confidential informant ("CI") for the FWPD three times.  Each sale involved approximately $1,200.00 worth of cocaine.  During the search, FWPD found a

---

[1] Ind. Code § 35-48-4-1.
[2] Ind. Code § 35-47-4-5.
[3] Ind. Code § 35-47-2-18(2).
[4] Ind. Code § 35-48-4-11.

semiautomatic pistol that was missing a metal strip containing the serial number. FWPD also found around one hundred grams of both cocaine and marijuana, a spoon typically used to consume cocaine, $1,400.00 cash, a scale with white residue, and multiple pieces of mail addressed to Carpenter at the address being searched.

On February 4, 2013, the State charged Carpenter with Class B felony unlawful possession of a firearm by an SVF, Class C felony possession of a handgun with altered identifying marks, Class D felony possession of marijuana, and five counts of Class A felony dealing in cocaine. Carpenter filed a motion *in limine* to prevent reference to him as an SVF during the first part of the bifurcated trial. The jury trial began on May 1, 2013. Carpenter objected to a preliminary instruction that stated the jury may find him guilty if it found he possessed a firearm in violation of Ind. Code § 35-47-4-5.[5] The trial court overruled the objection stating it would not prejudice Carpenter because the jury would not be told the statute applied to serious violent felons.

The trial court conducted a partially bifurcated[6] trial and did not tell the jury Carpenter was an SVF until the jury had already decided the other charges. The jury found Carpenter guilty of all the charged offenses. The trial court ordered all of Carpenter's sentences be served concurrently.

---

[5] Ind. Code § 35-47-4-5 states in relevant part: "A serious violent felon who knowingly or intentionally possesses a firearm commits unlawful possession of a firearm by a serious violent felon."

[6] The bifurcation was "partial" because the jury was asked to determine whether Carpenter "unlawfully" possessed a gun during the first phase, with all the other charges, and then was asked to determine during the second phase whether he was an SVF. *See Russell v. State*, 977 N.E.2d 351, 354 (Ind. 2013) (defining the process of partial bifurcation).

**DISCUSSION AND DECISION**

1.      Bifurcation of Unlawful Possession Charge

"A trial court's decision whether to bifurcate is subject to an abuse of discretion standard." *Russell v. State*, 997 N.E.2d 351, 354 (Ind. 2013) (quoting *Shafer & Freeman Lakes Envtl. Conservation Corp. v. Stichnotch*, 877 N.E.2d 475, 481 (Ind. Ct. App. 2007), *trans. denied*). One purpose of bifurcation is to keep prior offenses away from the jury during the phase of determining guilt for the crimes charged. *Id.* If the knowledge of prior offenses is kept from the jury then that purpose has been met and the defendant was not prejudiced. *Id.* Carpenter argues that, because the jury received the statutory citation for possession of a firearm by an SVF, his trial was not completely bifurcated, which prejudiced him. We disagree.

During the guilt phase, the trial court provided the following jury instruction regarding possession of a firearm by an SVF:

> The crime of [p]ossession of a [f]irearm in [v]iolation of I.C. 35-47-4-5 is defined by statute as follows:
>
> A person who knowingly or intentionally possesses a firearm, commits [p]ossession of [f]irearm in [v]iolation of I.C. 35-47-4-5.
>
> To convict the Defendant . . ., the State must have proved each of the following elements:
> The Defendant, Lamont Carpenter,
> 1.      knowingly or intentionally,
> 2.      possessed,
> 3.      a firearm.

(App. at 53.) Carpenter objected to the use of "I.C. 35-47-4-5," which defines "serious

4

violent felon" and "serious violent felony" and criminalizes such a felon's possession of a firearm. (Tr. at 24.) He asserted the jury might research what the statute was, or might ask or assume what it means, and thereby become aware he was a serious violent felon.

Jurors are presumed to follow the court's instructions, *Morgan v. State*, 903 N.E.2d 1010, 1019 (Ind. Ct. App. 2009), *trans. denied*, and the trial court instructed the jurors they were not allowed to "conduct research on [their] own." (Tr. at 268.) When the jury asked what the statute referred to, the judge stated "you have all the evidence and law applicable." (*Id.* at 536.) The jury's question indicates it did not know the content of the statute or the nature of Carpenter's past offenses. Carpenter has not demonstrated he was prejudiced by the partial bifurcation of his trial. *See Russell*, 997 N.E.2d at 354 (when the jury has no knowledge of prior offenses, the defendant is not prejudiced).

2.      Admissibility of Evidence

We typically review allegations of error in the admission of evidence for an abuse of discretion, which occurs only when the trial court's ruling is "clearly against the logic, facts, and circumstances presented." *Kindred v. State*, 973 N.E.2d 1245, 1252 (Ind. Ct. App. 2012), *trans. denied*. We consider only the evidence in favor of the trial court's ruling, *Sallee v. State*, 777 N.E.2d 1204, 1210 (Ind. Ct. App. 2002), *trans. denied*, and we will not reverse the decision to admit or exclude evidence if that decision is sustainable on any ground. *Crawford v. State*, 770 N.E.2d 775, 780 (Ind. 2002).

Carpenter asserts the trial court abused its discretion when it admitted mail containing his name and address because it was hearsay. It was not.

5

Hearsay is a statement (1) not made by the declarant while testifying at the trial or hearing; and (2) offered to prove the truth of the matter asserted. Ind. Evid. R. 801. "To run afoul of the hearsay rule the evidentiary purpose of the proffered statement must be the truth of the matter asserted." *Powell v. State*, 714 N.E.2d 624, 628 (Ind. 1999).

While this is an issue of first impression in Indiana, a majority of the courts from other states that have considered the issue have held the prohibition against the admission of hearsay is not violated when mail found during an investigation is introduced at trial to demonstrate the defendant's name and address were on mail found in a specific location. *See State v. Peek*, 365 S.E.2d 320, 322 (N.C. Ct. App. 1988); *Hernandez v. State*, 863 So.2d 484, 486 (Fla. Dist. Ct. App. 2004), *rev. denied*; *Shurbaji v. Com.*, 444 S.E.2d 549, 551 (Va. Ct. App. 1994) (all finding mail introduced to show defendant had control of the premises was not hearsay but merely circumstantial evidence that defendant stored property at the residence).

For example, in *Peek*, the State found mail addressed to Peek during a legal search of Peek's residence and introduced the mail at trial to prove Peek lived at the address. Peek objected to the evidence as hearsay. The court ruled that mail makes no assertion and, therefore, it was not hearsay. 365 S.E.2d at 322. The court reasoned that on its face, an address and name on an envelope asserts nothing, and that the sender's conduct in addressing and mailing an envelope implies that the sender believes the addressee lives at that address. *Id.*

That reasoning leads us to conclude Carpenter's mail was not hearsay. Carpenter

6

objected to Exhibit 17 containing multiple pieces of mail addressed to "Lamont Carpenter" at "5040 Madiera Dr. Apt. E, Fort Wayne, IN 46815-7349." (State's Ex. 17.) When responding, the State said it was "not offering it to prove that this is a-if I may, a Parkview Health Bill for a particular form and the utility company. It is offering it to show that there is in fact an address[,]" referring to the address on the pieces of mail. (Tr. at 380.) As the mail was used as circumstantial evidence along with other evidence to prove Carpenter stored property at 5040 Madiera Drive Apt. E, it was not hearsay. *See Peek*, 365 S.E.2d at 322 (holding mail used to demonstrate possession of an apartment was not hearsay).

  3.  <u>Double Jeopardy</u>

"No person shall be put in jeopardy twice for the same offense." Ind. Const. art. I, § 14. Two or more offenses are the same if, "with respect to either the statutory elements of the challenged crimes or the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense." *Richardson v. State*, 717 N.E.2d 32, 49 (Ind. 1999). Double jeopardy may be proven when there is a "reasonable probability that the evidentiary facts used by the fact finder to establish the essential elements of one offense may also have been used to establish the essential elements of the second offense." *Id.* at 53. "[U]nder the *Richardson* actual evidence test, the Indiana Double Jeopardy Clause is not violated when the evidentiary facts establishing the essential elements of one offense also establish only one or even several, but not all, of the essential elements of a second offense." *Spivey v. State*, 761 N.E.2d 831, 833 (Ind. 2002). Carpenter was not subjected to double jeopardy because not *all* of the elements of both

7

crimes were established based on the gun that was entered into evidence.

Carpenter was convicted of possession of a firearm by an SVF and possession of a handgun with altered identifying marks. To convict him of possession of a firearm by an SVF, the State was required to prove Carpenter knowingly or intentionally possessed a firearm *while a serious violent felon*. *See* Ind. Code § 35-47-4-5. To convict him of possession of a handgun with altered identifying marks, the State had to prove Carpenter possessed a handgun *on which the serial number had been removed*. *See* Ind. Code § 35-47-2-18.

Carpenter, an SVF, had constructive possession of a gun which also had altered identifying marks. There are elements of each of these crimes that were not established by the same evidence. The altered identifying marks on the handgun had no relevance to his possession of a firearm while being an SVF, and Carpenter's classification as an SVF had no relevance to his conviction of possessing a handgun with altered identifying marks, because it is illegal for anyone to possess a gun of that nature. Therefore, Carpenter was not subjected to double jeopardy when he was convicted of both possession of a firearm by an SVF and possession of a handgun with altered identifying marks. *See Ho v. State*, 725 N.E.2d 988, 993 (Ind. Ct. App. 2000) (holding that double jeopardy protections were not violated because distinct evidentiary facts were used to prove armed robbery and carrying a handgun without a license).

## CONCLUSION

As the jury was not aware Carpenter was an SVF, he was not prejudiced by the partial

8

bifurcation of his trial. Additionally, the trial court did not abuse its discretion in admitting Exhibit 17 as it was not hearsay, and Carpenter was not subjected to double jeopardy when he was convicted of possession of a firearm by an SVF and possession of a handgun with altered identifying marks. Accordingly, we affirm.

Affirmed.

KIRSCH, J., and BAILEY, J., concur.